WILLIAM B. JOHNSON, impleaded, etc., Appellant, *v.* HENRY K. BUELL *et al.,* Appellees.

### APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A party may appear and move the court to quash an attachment, without submitting himself to its jurisdiction.

Where a declaration complains of A. and B., partners, etc., the word partners is descriptive of the persons merely, and a plea that they were not partners, raises an immaterial issue to the averment in the declaration that they made and delivered their note to the plaintiff.

It is not error if two are sued and the judgment is against one, not to sue out a *sci. fa.* to make all the defendants named, parties to the judgment instanter.

THE appellees sued out an attachment against Johnson, who was a non-resident, alleging that fact, and that he and Garrison were joint debtors, and prayed a summons against Garrison.

The sheriff returned the attachment served, by a levy on some shingles, and by reading the process to Johnson. Garrison not found. After writ had been returned, a motion was made by Johnson only, to quash the writ, and a cross-motion to amend.

Attachment writ was amended as per indorsement on same: "This writ amended March 12th, 1860, by inserting after the words 'A. Garrison,' in the summons portion of said writ, the words 'and W. B. Johnson, aforesaid.' " The writ, as originally issued, was to attach property of W. B. Johnson, and summon Garrison, the co-defendant.

Order March 12, 1860: "and def'ts come by J. R. Anderson, their attorney, and submit motion to quash writ issued," etc., "and it is ordered that the writ stand as returned, and *run* against *both defendants.*"

No appearance of defendant Garrison, in any of the pleadings.

The motion to quash writ, and return, were by defendant Johnson *only*, by his counsel.

The words of the order of 12th March, 1860, are, that, "defendants come by their attorney, J. R. Anderson, and submit motion to quash writ." The motion by Johnson only.

The words of the order of April 23, 1860, are: "and said defendants, by J. R. Anderson, their attorney, also come," etc.

There was a verdict and judgment for the plaintiffs below against Johnson.

GARRISON & ANDERSON, for Appellant.

J. W. WESTCOTT, for Appellees.

CATON, C. J. If there was any defect in the form of the attachment, as originally issued, that was cured by the amendment subsequently made by order of the court.

Here was no appearance by Garrison, for the purpose of submitting himself to the jurisdiction of the court. Probably a fair construction of the whole record would lead to the conclusion that the clerk inadvertently added an s to the word defendant, in the entry of the motion to quash the attachment, for the reason that it contained no summons to Garrison, the resident defendant, but at any rate, admitting that Garrison did actually appear and join in the motion to quash the writ, that was not for the purpose of submitting to the jurisdiction of the court, but for the purpose of objecting, that the court could take no jurisdiction of his person, by virtue of that writ, and this was practically admitted by the court when it ordered the writ to be so amended that it might acquire jurisdiction of his person. Certainly, after the writ was so amended, there is no pretense that he ever appeared, or that it was ever served upon him so as to give the court jurisdiction of him under the amended writ. After the amendment of the writ, the court had only to do with Johnson, who alone was before it.

Johnson filed several pleas. The first was, that he and Garrison did not, as partners, execute the note sued on. This was an immaterial plea. The declaration did not aver that they executed the note as partners. The declaration complains "of W. B. Johnson and A. Garrison, partners," etc. For that they "made their certain promissory note in writing," etc., "and then and there delivered the same," etc. The word "partners," etc., is a mere description of their persons, and has nothing to do with the characters in which they executed the note. It is not averred that they did this as partners. This plea being immaterial, requires no further consideration.

The second is a special plea of no consideration; something in the nature of a plea of duress; and the third plea was of the statute of frauds. Upon these pleas issues were joined, which by consent were tried by a jury, who found a verdict for the plaintiff for the amount of the note. The only evidence introduced on the trial, was the note, the execution of which by both the makers, was proved. On this verdict judgment was rendered against Johnson. What there is wrong about this, we are unable to perceive. There was no error in not ordering a *scire facias* against Garrison, under the statute to make him a party to the judgment. If the plaintiffs cannot make their judgment of Johnson, they may perhaps hereafter issue a *sci. fa.*, but if they can do so, that would have been an unnecessary expense. If Garrison were a party to the judgment, they might still make the amount out of the goods of Johnson alone, and compel him to resort to Garrison for contribution, and he can do the same thing now.

The judgment is affirmed.                 *Judgment affirmed.*