LUNG CHUNG, Adm'r, etc., *v.* NORTHERN PAC. RY. CO.

BUCHANAN *v.* SAME.

*(District Court D. Oregon.* February 8, 1884.)

1. RIGHT TO APPEAR SPECIALLY.
　　A defendant in an action, upon whom a summons has been served illegally, may appear therein specially, for the purpose of having such illegal service set aside; and there is nothing in sections 61 and 520 of the Oregon Code of Civil Procedure derogatory of such right.

2. ACTION IN NATIONAL COURTS.
　　Subdivision 1 of section 54 of said Code, when applied to actions in the national courts, must be construed as if the word "county" read "district."

3. CORPORATION—SERVICE OF SUMMONS ON.
　　In an action against a corporation in the United States circuit court for the district of Oregon, if the summons is served under said subdivision 1 of section 54, on any agent of the defendant other than its president, secretary, cashier or managing agent, unless it appears that the cause of action arose in the district, such service is illegal, and will be set aside on the application of the defendant.

4. CAUSE OF ACTION—WHEN AND WHERE IT ARISES.
　　A cause of action given by statute to an administrator to recover damages for the death of his intestate arises out of such death, and where it occurred; and not the appointment of the administrator or the place where it was made.

Action for Injury to the Person.    Motion to set aside the service of a summons.

*John H. Woodward*, for Lung Chung.

*O. P. Mason*, for Buchanan.

*Cyrus A. Dolph*, for defendant.

DEADY, J.    These actions are each brought to recover damages for an injury to the person, caused by the negligence and misconduct of the defendant.    In Lung Chung's case it appears from the complaint that on June 21, 1883, Lung Ban was at work on the grade of defendant's railroad, in Montana, about 10 miles to the westward of Herron's Siding, when he was killed by the wrecking of a train on which he was being carried from the place where he was working to the camp of the contractors, On Chung Wa Company, under whom he was employed; and that on November 23, 1883, the county court of Multnomah county, Oregon, granted letters of administration upon the estate of the deceased to the plaintiff, who is a citizen of China. In Buchanan's case it appears that the plaintiff is a citizen of Nevada, and that on February 13, 1883, he was at work for the defendant as a carpenter, repairing bridges, on the line of its road in Washington territory, when, by the falling of timbers from a platform car, he had his arm and wrist broken, and was otherwise injured.    In each case it appears that the defendant is a corporation formed under a law of the United States; and in Buchanan's case it also appears that its principal place of business is at New York; while in Lung Chung's case it is also alleged that the defendant was so organized for the purpose of constructing and operating a railway from Minnesota to Oregon and Washington territory; of all which, except the place of business, the court takes judicial notice.    A summons was duly issued in each case, and from the return of the marshal thereon it appears that not being able to find the president, secretary, cashier, or managing agent of the defendant in this district, he served the summons on Homer D. Sanborn, "the purchasing agent" of the defendant herein.    The defendant now moves to set aside the service of the summons in each case, having given the plaintiffs written notice of its appearance for that purpose; and by consent of parties the motions are heard together.

And, *first*, the counsel for the plaintiff in Buchanan's case insists that the defendant cannot appear for this purpose only—that it must either appear fully and without reserve or not at all, citing sections 61 and 520 of the Oregon Code of Civil Proc.    By the first of these sections it is provided, in effect, that a voluntary appearance of the defendant shall, for the purpose of giving the court jurisdiction, be equivalent to a personal service of the summons;" while the latter declares that "a defendant appears in an action or suit when he answers, demurs, or gives the plaintiff written notice of his appearance; and until he does so appear he shall not be heard in such action or suit, or in any proceeding pertaining thereto, except the giving of the un-

dertakings allowed to the defendant in the provisional remedies of arrest, attachment, and the delivery of personal property." Section 61 contemplates, of course, a full and unqualified appearance, and declares the effect of it on the jurisdiction of the court; but it has no bearing on the question whether a defendant has a right to make a qualified appearance for a special purpose, as to set aside an attachment or the service of a summons. So, an appearance under said section 520, by delivering a demurrer or answer to the complaint, is in the nature of things an unqualified appearance. There is only one other way for a defendant to appear, and that is by giving the plaintiff written notice thereof. And the question is, can that appearance be something short of a general appearance and for a particular purpose? There is nothing in the Code to the contrary. The statute says the defendant may appear by a written notice. This does not necessarily imply a full appearance or exclude a qualified one. If the defendant desires, in the language of the statute, to appear, not to the action, but in a "proceeding pertaining thereto," why may he not, and what is there in section 520, or the nature of the proceeding, to prevent it? The right to appear specially and move to set aside the service of a summons is one thing, and the allowance of the motion is another. When the summons or the service thereof is merely defective or wanting in some matter of form or method which does not affect the substantial rights of the defendant, the motion to set aside will be disallowed, or a counter motion allowed to amend. But where the service is unlawful, and cannot give the court jurisdiction of the defendant, it ought to be set aside or quashed, and, unless the party upon whom it is made is allowed to appear for that purpose, he must run the risk of having a judgment given against him for want of an answer, in a case where it may be there is no appeal, and, if there was, the illegality of the service is not apparent on the face of the record.

In *Lyman* v. *Milton*, 44 Cal. 635, and *Kent* v. *West*, 50 Cal. 185, it was held in the one case that a party was entitled to appear specially and move to set aside the service of an illegal summons, and, in the other, to set aside the illegal service of a legal summons; and further, that the wrongful denial of such motion was an error that was not waived by the defendant's subsequent appearance and trial of the case.

To the same effect is the case of *Harkness* v. *Hyde*, 98 U. S. 476, in which it was held that the service of a summons from a district court in Idaho, upon a defendant while on an Indian reservation, from which the jurisdiction of the court was by law excluded, was unlawful, and that the defendant was entitled to appear specially, to have such illegal service set aside; and further that the error committed in denying the motion to set aside was not waived by the defendant's subsequent appearance and submission to a trial of the cause.

The cases under consideration are within the rulings made in these cases, and I see nothing in the Code to take them out of it. Nothing less than the express language of a statute or the necessary implication therefrom would be construed by any court of justice as forbidding or preventing a party to appear in an action for the purpose of having the service of a summons set aside, on the ground that it was illegally served upon him,—not in manner, but in substance,—and under such circumstances as not to give the court any jurisdiction of his person, or authority to proceed to judgment against him.

By the act of 1875 (18 St. 470) it is provided that no civil suit shall be brought before any circuit court against any person, by any original process or proceeding, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding," saving certain exceptions not now material. Whether the defendant is an "inhabitant" of this district, within the meaning of this act, need not now be considered. If it is such an inhabitant it cannot be brought before this court as a defendant in this action unless by the due service of a summons upon it; nor can it be "found" here for such purpose, only so far as it can be so served here. And in either case we must look to the local law prescribing the method of serving a summons on a corporation to ascertain what constitutes such service and the effect of it. The defendant, being a mere legal entity, cannot be directly served with process. From the nature of the case the service must be a substituted one. Generally, it is made upon some natural person for it. This person is usually designated by the local law, upon the theory that his relation to the corporation is such that notice to him will result in notice to it.

By section 54 of the Code of Civil Procedure, as amended in 1876, (Sess. Laws, 37,) it is provided that in case of an action against a private corporation the summons shall be served on "the president or other head of the corporation, secretary, cashier, or managing agent," or in case none of these officers "shall reside or have an office in the county where the cause of action arose, then on any clerk or agent of such corporation who may reside or be found in the county; or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent." Allowing that the practice in this court, in this respect, must conform "as near as may be" to the directions of this section, as provided by section 914 of the Revised Statutes, still the word "county," as used therein, must in this court be understood to mean the "district" or territorial limit of the court's jurisdiction. The defendant, although an inhabitant of this district, cannot be brought before this court in a civil action, unless it is served with a summons in the mode prescribed in this section. If the action is transitory in its character, and service of the summons is made within the district on the president, secretary, cashier, or managing agent of the defendant, the

court acquires jurisdiction without reference to where the cause of action arose. But if neither of them can be so served, the action cannot be maintained in the district unless the cause of action arose therein. For the statute, in giving a plaintiff the right to serve a summons against a corporation upon any inferior agent or clerk thereof, where the superior ones cannot be found in the district, limits the same to cases where the cause of action arose in the district. Now, in each of these cases the cause of action arose without the district, and therefore the service of the summons thereon upon an agent of the corporation who does not appear to be its "managing" one, or its secretary, cashier, or president, is unauthorized and illegal. The illegality arises, not from a defect in form or method, but in substance, and is therefore incurable. In effect, the law does not, under these circumstances, permit the defendant to be brought before this court in civil action without its consent upon a cause of action that arose without the district.

The suggestion of counsel for the plaintiff, in Lung Chung's case, that the cause of action ought to be considered as having arisen within the district because the plaintiff's letters of administration were granted here, is ingenious, but not sound. On the contrary, the cause of action arose in Montana on the death of the deceased,—the law of that territory giving an action to his heirs or personal representatives for damages on that account. The plaintiff's right to sue on this cause of action may be said to have originated here, but the grant of administration to him did not create or originate the cause of action, though it gave him a certain control over it.

The motions are allowed, and the service set aside.