D. E. BUCKLIN ET AL. v. CONRAD STRICKLER.

[FILED JULY 2, 1891.]

1. **Summons:** SERVICE of summons, set forth in the record, *held*, to be sufficient to confer jurisdiction.

2. ———: TECHNICAL OBJECTIONS to the service of a summons must be specifically pointed out to justify the court in sustaining them.

3. ———: A MOTION TO QUASH a summons because of defects therein, or in serving the same, should be confined to the defects complained of. If it go further and pray for a dismissal of the case, it is a general appearance in the action, as it invokes the power of the court on a question other than that relating to jurisdiction.

ERROR to the district court for Hamilton county. Tried below before NORVAL, J.

*E. J. Hainer* (*J. H. Smith* with him), for plaintiffs in error, cited: *Freeman v. Burks*, 16 Neb., 328; *Brown v. Goodyear*, 29 Id., 376; *Crowell v. Galloway*, 3 Id., 215; Gwynne, Sheriffs, 473–7; *Stewart v. Stringer*, 41 Mo., 400; *Knowles v. Lord*, 4 Whart. [Pa.], 500; *Slayton v. Chester*, 4 Mass., 478; *Messer v. Bailey*, 31 N. H., 9; *White River Bank v. Downers*, 29 Vt., 332; *Irons v. Keystone Mfg. Co.*, 61 Ia., 406; *Rowell v. Klein*, 44 Ind., 290; Wade, Notice, secs. 1378, 1385; *Johnson v. Jones*, 2 Neb., 133; *Cheever v. Lane*, 3 Cole [Ia.], 296.

*A. W. Agee, contra*, cited: *Aultman v. Steinman*, 8 Neb., 109; *Cobbey v. Wright*, 23 Id., 250; *Owens v. Ranstead*, 22 Ill., 161; *Wendell v. Mugridge*, 19 N. H., 109; *Waring v. McKinley*, 62 Barb. [N. Y.], 612; *Wheeler v. R. Co.*, 24 Id., 414.

MAXWELL, J.

This action was brought before a justice of the peace who, on the motion of the defendant, dismissed the action for want of jurisdiction, the costs being taxed to the plaintiffs. The case was taken on error to the district court, where the judgment as to costs was reversed and the judgment of dismissal affirmed.    The transcript of the justice is as follows:

"STATE OF NEBRASKA, ⎱ ss.
    HAMILTON COUNTY.  ⎰

"In justice court, before D. A. Scoville, justice of the peace in and for said county, January 3, 1888, plaintiff filed the following bill of particulars :

"'The plaintiffs complain of the defendant for that, on or about the —— day of November, 1887, plaintiffs sold a farm, then owned by the defendant, in section 3, in township 10, of range 6 west, for the sum of $5,800, to one F. M. Howard, for which services said defendant agreed and promised to pay plaintiffs a commission of two and one-half on the dollar on amount said farm was sold for, and plaintiffs allege that said services so rendered were reasonably worth said amount.

"'Wherefore plaintiffs asks judgment against said defendant for the sum of $145, and costs of this action.

"'J. H. SMITH,
"'Attorney for Plaintiffs.'

"Summons issued of this date returnable January 14, 1888, at 9 o'clock in the forenoon, and delivered to S. B. Gebhart, constable, January 3, 1888; summons returned indorsed as follows:

"'STATE OF NEBRASKA, ⎱ ss.
    HAMILTON COUNTY.  ⎰

"'Received this summons this 3d day of January, A. D. 1888.

" 'I hereby certify that on the 3d day of January, A. D. 1888, I served the within writ of summons on the within named Conrad Strickler by delivering to him in person a true and certified copy of the same, with all the endorsements thereon.

" 'FEES.

Serving summons ...........................................$0 50
Copy.......................................................... 25
Mileage ...................................................... 10
_____
Total ......................................................$0 85

" 'S. B. GEBHART,<br>" ' Constable.'

"January 14, 1888, at 9 o'clock in the forenoon, this case was called. Plaintiff appeared in person and by counsel.

"Counsel for defendant appeared and made oral motion to dismiss this case for want of proper service, and in support of said motion filed the following affidavit:

" 'Before D. A. Scoville, a justice of the peace within and for Aurora precinct, Hamilton county, Nebraska.

" 'D. E. BUCKLIN, A. L. KENNEDY )
                  *v.*                 }
    CONRAD STRICKLER.       )

" 'STATE OF NEBRASKA, }
   HAMILTON COUNTY. } ss.

" 'Conrad Strickler, being first duly sworn, says he is the defendant in the above entitled cause, and that the paper hereto attached, marked ' Exhibit A,' and made a part hereof, was handed to him by S. B. Gebhart on the 3d day of January, 1888, and that the same is in the exact condition in which he received it, and that it is the only paper that has ever been delivered to him in the above entitled cause, and that no paper has ever been delivered to him or left with him or offered to him purporting to be a paper in the above entitled cause, and that no other service of summons has been made on him in said cause.

CONRAD STRICKLER.

"'Subscribed in my presence and sworn to before me this 9th day of January, 1888.

 "'[SEAL.]     W. R. GRAYBILL,
            " ' *Notary Public.'*

"STATE OF NEBRASKA, }
  HAMILTON COUNTY.  }

"To the sheriff or any constable of said county, greeting:

"You are hereby commanded to summon Conrad Strickler to appear before me, D. A. Scoville, a justice of the peace in and for said county, at my office in Aurora precinct, in said county, on the 14th day of January, A. D. 1888, at 9 o'clock in the forenoon, to answer the action of D. E. Bucklin and A. L. Kennedy, for failure to pay a certain claim due for commission on sale of farm. You will make due return of this writ on the 14th day of January, A. D. 1888.

"In testimony whereof, I have hereunto set my hand this 3d day of January, A. D. 1888.

       "D. A. SCOVILLE,
         " *Justice of the Peace.*

"Docket No. ——, page ——.

"D. E. BUCKLIN, A. L. KENNEDY ⎫
    *v.*        ⎬
  CONRAD STRICKLER.   ⎭

"The plaintiff will take judgment for $145, with seven per cent interest from January 1, 1888, and $—— attorney fees, and costs if the defendant fail to appear.

       "D. A. SCOVILLE,
         " *Justice of the Peace.*

"And after hearing argument of counsel for plaintiff and defendant, motion of defendant is sustained and this case dismissed, and cost taxed to plaintiff, amounting to $2.25; to which ruling of the court plaintiff excepts.

       "D. A. SCOVILLE,
         " *Justice of the Peace.*"

Sec. 910 of the Code provides that "The style of the summons shall be: 'The state of Nebraska, —— county,' it shall be dated the day it is issued, and signed by the justice issuing the same; be directed to the constable or sheriff of the proper county (except in case a person be deputed to serve it, in which case it shall be directed to such person), must contain the names of the defendant or defendants, if known, and if unknown, give a description of him or them, and command the officer or person serving the same to summon the defendant or defendants to appear before such justice, at his office in —— county, at a time specified therein, and must describe the plaintiff's cause of action in such general terms as to apprise the defendant of the nature of the claim against him. There shall be indorsed on the writ the amount for which the plaintiff will take judgment if the defendant fail to appear. If the defendant fail to appear, judgment shall not be rendered for a larger amount and the costs.

"Sec. 911. The summons must be returnable not more than twelve days from its date, and must, unless accompanied with an order to arrest, be served at least three days before the time of appearance, by delivering a copy of the summons with the endorsement thereon (certified by the constable or person serving the same to be a true copy) to the defendant, or leaving the same at his usual place of residence; *Provided*, That an acknowledgment on the back of the summons, or the voluntary appearance of a defendant, is equivalent to service."

It will be seen that there was a substantial compliance with these sections in this case. The law must receive a reasonable construction ; and where there has been a substantial compliance with its provisions in the service of process, and it was served within the jurisdiction of the court, it is the duty of the defendant to appear and defend. Mere technical objections which tend to defeat rights, are not to be encouraged and should not be sustained unless specifically pointed out.

In addition to this, the motion is too broad. It is to dismiss the action. The most that could be done in any case, where the only objection is that the service is defective, is to quash the summons. In such case the appearance must be limited to that purpose, otherwise it is general. (*Crowell v. Galloway*, 3 Neb., 215; *Porter v. C. & N. W. Ry.*, 1 Id., 14.)

In no view of the case, therefore, can the judgment of the court below be sustained. The judgment of the district court is reversed and also that of the justice, and the cause reinstated and remanded for further proceedings.

REVERSED AND REMANDED.

COBB, J., concurs.

NORVAL, J., having presided at the trial in the court below, did not sit.