[Argued October 30; decided November 20, 1893.]

# BELKNAP *v.* CHARLTON.

[ S. C. 34 Pac. Rep. 758.]

1. GENERAL AND SPECIAL APPEARANCE — CODE, §§ 62, 530.— The "voluntary appearance" mentioned in section 62* of Hill's Code, is not limited or defined by the terms of section 530* of the Code; the only purpose of this latter section is to define what shall constitute such an appearance as will entitle a defendant to be heard as a matter of right, and to have served on him all papers required by law to be served.

2. GENERAL AND SPECIAL APPEARANCE — JURISDICTION.—When a defendant appears in an action or proceeding asking some relief which can be granted only on the hypothesis that the court has jurisdiction, the appearance is general, whether it be by its terms so limited or not; but if granting the relief asked would be consistent with a want of jurisdiction, the appearance may be special without submitting to the jurisdiction for any other purpose.

3. SPECIAL APPEARANCE — ATTACHMENT — JURISDICTION.—An appearance in an attachment proceeding by defendants who have not been served with process, moving only to discharge the attachment because the action had been commenced in the wrong county, is a special and not a general appearance, and does not constitute a waiver of process.

4. SPECIAL APPEARANCE — JURISDICTION.— In Oregon there is no special provision for dismissing a suit or action because the summons has not been served, and a proper manner of raising the question of lack of jurisdiction not appearing on the face of the complaint is by a special appearance.

APPEAL from Crook: W. L. BRADSHAW, Judge.

This action was commenced by H. A. Belknap, H. P. Belknap, and S. I. Belknap, partners, in the circuit court

---

*Section 62. From the time of the service of the summons, or the allowance of a provisional remedy, the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of the defendant shall be deemed equivalent to personal service of the summons upon him. Section 530. A defendant appears in an action or proceeding when he answers, demurs, or gives the plaintiff written notice of his appearance, and until he does so appear he shall not be heard, except * * * when a defendant has not appeared, notice of a motion or other proceeding need not be served upon him, unless he be imprisoned. * * *

for Crook County against C. M. and Mamie Charlton, residents of Morrow County, to recover the sum of sixty-one dollars and twenty cents upon an account for goods, wares, and merchandise sold and delivered, and for services rendered. A writ of attachment was duly issued and served in Crook County by attaching in the hands of one J. F. Moore certain moneys belonging to the defendants, but the summons in the action was not served on the defendants. Some three months after the action was commenced, and the writ of attachment had been served, the defendants appeared specially by their attorney for the purpose of applying to the court to discharge the attachment because the action had been commenced in the wrong county, and because no service had been made upon them, which motion being overruled, judgment was rendered against them by default. They now appeal, claiming that such appearance, being special, gave the court no jurisdiction to render a judgment against them.　　　　　　　　　　　　　Reversed.

*Mr. J. F. Moore*, for Appellants.

There are but three ways of appearing in an action declared in our Code, viz., by demurrer, by answer, or by a written notice: Hill's Code, § 530. Section 62 has reference to the jurisdiction, while section 530 relates to service of papers, and there is no connection whatever between them. Such is the conclusion of the late Judge Deady in considering these very sections: *Lung Chung* v. *Northern Pac. Ry. Co.* 19 Fed. 254, 10 Sawy. 19. See also *Kinkade* v. *Myers*, 17 Or. 470; *Powers* v. *Braly* ( Cal.), 17 Pac. 197; Drake on Attachment (5th Ed.), § 112; *Glidden* v. *Packard*, 28 Cal. 649.

*Mr. Geo. E. Chamberlain* orally (with brief by *Mr. M. E. Brink*), for Respondent.

The only question for the consideration of the court on this appeal, is whether the defendants, by filing their motion to dissolve the attachment in this case, submitted to the jurisdiction of the court, and waived defects and irregularities in the service of summons upon them; or, in other words, whether the filing of a motion to dissolve an attachment in an action, is a general appearance. We take it to be a well-settled principle of law, that any motion that calls into action the powers of a court for any purpose except to decide upon its own jurisdiction is such general appearance:   *Wood* v. *Young,* 38 Iowa, 106; *Cropsey* v. *Wiggenhorn,* 3 Neb. 116; *Foote* v. *Richmond,* 42 Cal. 443; *Aultman* v. *Steinau,* 8 Nev. 112; *Bank of Valley* v. *Bank of Berkeley,* 3 W. Va. 386; *Coad* v. *Coad,* 41 Wis. 26; *Caruthers* v. *Johnson,* 17 S. W. 1088; *Lente* v. *Clarke,* 1 So. 149; *Sargent* v. *Flaid,* 99 Ind. 501; *Pry* v. *Hannibal & St. Joseph R. R. Co.* 73 Mo. 123; *Burdett* v. *Corgan,* 26 Kan. 102; *Greenwell* v. *Greenwell,* 26 Kan. 530; *Handy* v. *Insurance Co.* 37 Ohio St. 366; *Hart* v. *Smith,* 17 Fla. 767; *Bury* v. *Conklin,* 23 Kan. 460; *Lampley* v. *Beavers,* 25 Ala. 534; *Stubbs* v. *Leavitt,* 30 Ala. 352.

The motion in this case was solely for the purpose of dissolving the attachment for the reasons stated in the affidavit, to wit:   That it was a "great injustice and inconvenience" to defendants to be deprived of the use of the money, and that "plaintiffs have not used any diligence at all to procure a judgment in said cause," and that defendants have "had no opportunity to answer the merits therein."   No mention was made of want of jurisdiction, and no motion was filed to quash the return of service of summons, or to dismiss the action for want of service.

When a party appears specially to question the jurisdiction of a court he must confine his motion and showing to that subject alone:   *Layne* v. *Ohio River R. R. Co.* 14

S. E. 123; *Bucklin* v. *Strickler*, 49 N. W. 371; *Winters* v. *Means*, 41 N. W. 157; *Kinkade* v. *Myers*, 21 Pac. 557.

We think the defendants' contention that their motion, and affidavit in support thereof, was a special appearance only, is absolutely untenable, for the reason that in ruling on said motion, the circuit court was not called upon to decide any question of jurisdiction whatever; and further, that defendants by taking this appeal submit to the jurisdiction of the court: *Waggoner* v. *Fogleman*, 13 S. W. 720; *Dikeman* v. *Mrotek*, 45 N. W. 118; *Adams Express Co.* v. *St. John*, 17 Ohio St. 641.

Opinion by MR. JUSTICE BEAN.

1.   It is admitted that the voluntary appearance of a defendant in an action is equivalent to the service of a summons, and waives all defects in the process (Code, § 62), but the contention for defendant is that no appearance, except as provided in section 530 of the Code,— that is, either by answer, demurrer, or giving plaintiff written notice,— can be deemed an appearance within the meaning of section 62 of our Code. Section 530 provides, that a defendant appears in an action when he answers, demurs, or gives plaintiff written notice of his appearance, and until he does so appear he shall not be entitled to be heard, or be served with notice of subsequent proceedings in such action or suit, or in any proceeding pertaining thereto, except the giving of an undertaking in the provisional remedies of arrest, attachment, or the delivery of personal property. The arrangement of this section in the Code under the title of "Notices and Service and Filing of Papers," as well as its language, indicates clearly that its only purpose is to define what shall constitute such an appearance in an action as will entitle the defendant to be heard, as a matter of right, and entitle

him to the service of notice of motions and subsequent proceedings in the action required by law to be served: *Bank* v. *Rogers*, 12 Minn. 529; *Grant* v. *Schmidt*, 22 Minn. 1. It was not, we think, intended to define a voluntary appearance within the meaning of section 62, and has no bearing upon the question of jurisdiction. A defendant may appear and submit himself to the jurisdiction of the court in many ways, without either answering, demurring, or giving plaintiff written notice of his appearance. He may do this by appearing in person, or by attorney in open court, by attacking the complaint by motion, or by an application for a continuance, and in many other ways which will readily suggest themselves to one familiar with the course of judicial proceedings. But before he is entitled, as a matter of right, to be heard in the action, or in any proceedings pertaining thereto, or to be served with notice, he must appear in one of the ways provided in section 530. The question before us, therefore, must be determined without reference to that section, which, as we conceive, has no bearing upon the question as to whether a special appearance for the purpose of applying for the discharge of an attachment is a submission to the jurisdiction of the court so as to authorize it to proceed to judgment in the action without the service of summons.*

2. It is claimed by the plaintiffs that while a defendant may appear specially to object to the jurisdiction of the court over him on account of the illegal service of process, (*Kinkade* v. *Myers*, 17 Or. 470, 21 Pac. Rep. 557,) he must keep out of court for every other purpose, and that any appearance which calls into action the power of

---

*NOTE.—The conclusion here announced is the same as that of the late Judge DEADY in the Federal Court in considering these same sections of the Oregon Code: *Lung Chung* v. *Northern Pac. R. R. Co.* 19 Fed. 254, 19 Sawy. 19.—REPORTER.

the court for any purpose except to decide upon its own jurisdiction, is a general appearance, and waives all defects in the service of process, and many authorities are cited to sustain this position. The principle to be extracted from the decisions on this subject is, that where the defendant appears and asks some relief which can be granted only on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court as completely as if he had been regularly served with process, whether such an appearance by its terms be limited to a special purpose or not: *Coad* v. *Coad*, 41 Wis. 26; *Blackburn* v. *Sweet*, 38 Wis. 578; *Pry* v. *Hannibal & St. Jo. R. R. Co.* 73 Mo. 126; *Sargent* v. *Flaid*, 90 Ind. 501; *Layne* v. *Ohio River R. R. Co.* 35 W. Va. 438, 14 S. E. Rep. 123; *Handy* v. *Ins. Co.* 37 Ohio St. 366; *Bucklin* v. *Strickler*, 32 Neb. 602, 49 N. W. Rep. 371; *Burdette* v. *Corgan*, 26 Kansas, 102; *Aultman & Taylor Co.* v. *Steinan*, 8 Neb. 109. This seems to be a reasonable rule, and one which will adequately protect the rights of the parties, and it determines the effect of defendant's appearance from the nature of the relief which he seeks to obtain. If he asks the court to adjudicate upon some question affecting the merits of the controversy, or for some relief which presupposes jurisdiction of the person, and which can be granted only after jurisdiction is acquired, he will be deemed to have made a general appearance, and to have submitted himself to the jurisdiction of the court, and cannot, by any act of his, limit his appearance to a special purpose. But, if granting the relief asked would be consistent with a want of jurisdiction over the person, he may appear for a special purpose without submitting himself to the jurisdiction of the court for any other purpose. It has consequently been held that an attachment and the action out of which it issues, are so inseparably connected that the defendant

cannot appear and question the validity of the attach-
ment by a traverse of the facts alleged in the affidavit,
or by contesting the truth of the grounds upon which it
issued, without submitting himself to the jurisdiction of
the court in the action, because by so doing the court is
called upon to entertain and determine questions which
can be considered only after jurisdiction has attached:
*Greenwell* v. *Greenwell*, 26 Kan. 530; *Bury* v. *Conklin*, 23
Kan. 460; *Wood* v. *Young*, 38 Iowa, 102; *Duncan* v. *Wick-
liffe*, 4 Met. (Ky.) 118. But where a defendant appears,
and without questioning the merits of the action, or the
truth of the grounds upon which the attachment issued,
moves to discharge the attachment for want of the juris-
dictional facts to sustain it, he asks no relief the granting
of which would be inconsistent with an entire want of
jurisdiction over the person, and hence does not appear
in the action so as to authorize the court to proceed to
judgment against him: Drake, Attach. § 112; *Glidden* v.
*Packard*, 28 Cal. 649; *Johnson* v. *Buell*, 26 Ill. 66; *Bonner*
v. *Brown*, 10 La. Ann. 334.

Now, in the case at bar, the appearance of the defend-
ants was not for the purpose of contesting the truth of
the grounds upon which the attachment issued, or the
merits of the action, but to vacate the attachment for the
reason, as appears from the affidavit acompanying the
motion, that the action had been commenced in the
wrong county, and that it was a great injustice and
wrong to them to have their property thus held under
an attachment when there was no means of obtaining
jurisdiction over their persons. This appearance was,
therefore, not for the purpose of submitting to the juris-
diction of the court, or asking it to entertain or determine
any question which could only be considered after juris-
diction had attached, but it was for the sole purpose of
objecting to the validity of the attachment for irregulari-

ties in the proceedings, the granting of which would have been entirely consistent with the claim that the court had no jurisdiction of the person. By their motion to discharge the attachment for the reason stated, the defendants appeared for no purpose incompatible with the supposition that the court had acquired no jurisdiction over them on account of a want of service of the summons, and we therefore think there was no waiver of process. Nothing less than the express language of a statute, or the necessary implication therefrom, or the overbearing weight of authority, will justify a court in holding that a defendant in an action commenced in the wrong county, in violation of section 44 of the Code, could not appear and apply for the discharge of an attachment against his property, for irregularities, without being required to submit himself to the jurisdiction of the court for the purpose of the entire action; and it is not material in such case, whether the motion happened to be well founded or not, but the question is, did it go to the merits, or was it based upon some technical grounds supposed to be sufficient to render the attachment invalid. If a defendant may not thus appear and resist what he supposes to be a wrongful attachment without subjecting his person to the jurisdiction of the court, he must either suffer his property to be held under a pretended attachment for an indefinite time, or waive a statutory right to be sued in the county where he resides or may be found. This the law will not exact or require.

4. It was suggested that the remedy of the defendants in such case is by motion to dismiss the action for want of jurisdiction, but such a motion would be unavailing. The court has jurisdiction of the subject matter, and an action is commenced by the filing of the complaint, and there is no provision of the law authorizing it to be dismissed because the summons has not been served: Code, §§ 51, 59.

It follows, therefore, that the action of the court below in entering judgment against the defendants without service of process upon them was unauthorized, and the judgment must be reversed.                    REVERSED.