UNITED STATES v. YAKUTAT & S. RY. CO. et al.

(First Division. Juneau. December 13, 1905.)

1. CORPORATIONS—INDICTMENT—SERVICE.

An indictment was returned against the Yakutat & Southern Railway Company, a corporation, for unlawful fishing. Service of bench warrant was ordered and made on an agent appointed

by it, upon whom service of process may be made within the District of Alaska. *Held* a sufficient notice to bring the corporation into court.

2. CRIMINAL LAW — APPEARANCE — PLEADING TO JURISDICTION—ATTACK ON INDICTMENT—EFFECT.

Defendant made a special appearance by attorneys, and denied the jurisdiction of the court, but also attacked the sufficiency of the indictment. *Held* that, by attacking the sufficiency of the indictment, the appearance became general, and the defendant must plead.

Motion by the defendant, the Yakutat & Southern Railway Company, to quash and set aside the service of the bench warrant.

J. J. Boyce, Dist. Atty., for the United States.
Shackleford & Lyons, for defendants.

GUNNISON, District Judge.   On the 5th day of October, 1905, the grand jury for the First Division of the District of Alaska, sitting at Ketchikan, in said district, returned a true bill of indictment against Cee-Tuck-Jim and the Yakutat & Southern Railway Company, a corporation, indicting them for unlawful fishing, under section 180 of the Alaska Penal Code.   An order was entered therein directing the issuance of a bench warrant for the arrest of the defendants.   The warrant issued in compliance with that order against the Yakutat & Southern Railway Company, a corporation, reads as follows:

"United States of America.

"District of Alaska, Division No. 1—ss.:

"In the Name of the United States of America.   To the Marshal of Our Division of the District of Alaska, or to Any of His Deputies— Greeting: Whereas, at a district court of the United States for the District of Alaska holden at the town of Ketchikan, in said district, on the 14th day of October, 1905, the grand jurors in and for said division of said district found a true bill of indictment against Cee-Tuck-Jim, and the Yakutat & Southern Railway Company, a corporation, accusing them of the crime of unlawful fishing, against the form of the statutes of the United States in such cases made

and provided, as by the said indictment now remaining on file and of record in said court more fully appears:

"Now, therefore, you are hereby commanded to forthwith serve this warrant upon the defendant, the Yakutat & Southern Railway Company, a corporation, by showing the same, if required to do so, to J. T. Robinson, the designated resident agent of said corporation appointed by it as the person upon whom service of process may be made within this district, and informing said J. T. Robinson that you act under the authority of said warrant, and deliver to him personally a true copy of the same; that said corporation, the Yakutat & Southern Railway Company, appear before such court to answer the indictment at the opening of the December term thereof to be held at Juneau commencing on Monday, December 2, 1905, at 10 o'clock a. m., by order of the court.

"Hereof fail not, and make due return of this writ, with your doings thereon, into our said court.

"Witness the Honorable Royal A. Gunnison, judge of the said court, and the seal thereof affixed this 30th day of October, 1905.

"C. C. Page, Clerk."

At the opening of the term of court at which this bench warrant was returnable, the defendants offered and filed the following motion, which was duly entitled in this cause:

"Comes now the defendant Yakutat & Southern Railway Company herein by its attorneys, Messrs. Shackleford & Lyons, and appearing specially and for the purpose of this motion only, and objecting to the jurisdiction of the court over the defendant Yakutat & Southern Railway Company, moves to quash and set aside the pretended service of the bench warrant issued herein on the 30th day of October, 1905, for the reason that the laws of the United States applicable to the District of Alaska provide no means for the arrest of corporations, or for compelling corporations to appear in criminal actions, and for the reason that the statute herein providing for the appointment of an agent upon whom to serve process applies only to civil actions; and for the further reason that it appears from the indictment herein that the offense charged cannot be committed by a corporation, and that no process can issue against a corporation upon said indictment.

"This motion is based upon the records and files herein.

"Wherefore, the defendant, Yakutat & Southern Railway Company, pray to be dismissed herefrom.

"Shackleford & Lyons."

Under this motion defendants attempt to appear specially, objecting to the jurisdiction of the court over the defendant herein, and move to quash and set aside the pretended service of the bench warrant above, alleging certain reasons. The government contends that the motion cannot be considered as a special appearance for the reason that the defendants allege therein as the reason for the quashing and setting aside of the service of the bench warrant that "it appears from the indictment herein that the offense charged cannot be committed by a corporation, and that no process can issue against a corporation upon an indictment." The government asserts that, by attacking the indictment, the defendants have gone outside of the prerogative of the special appearance, and must be held to have appeared generally, and to be in court for all the purposes of the indictment.

A special appearance is one made for the purpose of urging jurisdictional objections, but an objection to jurisdiction over the person, to be availing, must not be raised in connection with the denial over the subject-matter; for an appearance to deny the jurisdiction of the court over the subject-matter is, according to the weight of authority, a general appearance. 2 Ency. of P. & P. 621. In the opinion of the court, defendants, by alleging as a reason for the quashing of the service that the offense charged in the indictment cannot be committed by a corporation, raise another question, and attack the indictment itself. It is clear from the language of the motion that this attack is not upon the process primarily, but upon the indictment itself, and the question of the validity of the process can only be considered after it is determined whether or not the indictment accomplishes the purpose for which it was intended.

The party who denies the jurisdiction of a court over his person must present this single question, and only this question. The mere fact that defendant states in his motion that he appears specially does not relieve it from the character of an ap-

peal to the court for relief other than against the process of the court. From the motion itself, and not from the declarations of the pleader as to how he appears, is determined the question as to whether an appearance is special or general. Security Loan & Trust Co. of Southern California v. Boston & S. R. Fruit Co. et al. (Cal.) 58 Pac. 941; Belknap v. Charlton, 25 Or. 41, 34 Pac. 758. I think, therefore, that defendant has of his own act appeared generally and voluntarily in this case. Under section 53, part 4, of the Alaska Code of Civil Procedure, it is provided that: "A voluntary appearance of the defendant shall be equivalent to the personal service of the summons upon him." But, even if the defendant has not so placed himself within the jurisdiction of the court, there is no doubt in my mind but that the process served upon the defendant was sufficient, under section 723, c. 71, p. 4, of the Alaska Code of Civil Procedure. This chapter makes miscellaneous provisions respecting the courts and judicial officers, and I think may be construed to apply as well to the criminal as to the civil side of the court. That section provides:

"When jurisdiction is by any law of the United States conferred upon a. court or judicial officer, all the means to carry it into effect are also given, and in. the exercise of the jurisdiction, if the course of proceeding be not specially pointed out by this Code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

While there is no provision in the Code of Criminal Procedure pointing out the form of process by which a corporation shall be brought to the bar of the court for an infraction of the laws of the territory, yet the Code itself, by its phraseology, contemplates that corporations might break the laws of the territory, and in this view it would be unreasonable to say that section 723 did not apply, and that while a corporation might violate the laws and be punished therefor if they could be brought into the court, that there was no provision for such action, and that therefore they could not be apprehended and

brought to justice. Section 723 relieves an otherwise incon-- sistent and extremely absurd position. I am of the opinion, therefore, that under that section the process which was concededly served upon the defendant is sufficient. The motion of the defendant is denied.