JONES v. KAAN, ET AL.*
(No. 1382; October 17, 1927; 260 Pac. 183)

JUSTICES OF THE PEACE—APPEALS FROM—NOTICE OF APPEAL—JURISDICTION OF DISTRICT COURT.

1. Notice of docketing an appeal from judgment of justice of peace, provided for by Comp. St. 1920, § 6535, is for purpose of informing appellee that appeal has been perfected, and, by its issuance and service, district court acquires jurisdiction of person of appellee.

2. Where appeal from justice of the peace court was docketed by district court clerk December 3, 1924, and on December 5, 1924, clerk issued notice of docketing of appeal which was deemed by appellee to be defective, and on March 6, 1925, clerk issued another notice which complied

with Comp. St. 1920, § 6535, and on following day notice was served on appellee's attorney, district court acquired jurisdiction over appellee by service of notice of March 6..

*See Headnotes:  (1) 35 C. J. p. 788 n. 11; (2) 35 C. J. p. 788 n. 11.

Error to District Court, Niobrara County; Cyrus O.. Brown, Judge.

Action by M. C. Kaan and others, doing business as Kaan Bros. against Ed Jones, commenced before a justice of the peace. On appeal to the District Court from a judgment for defendant, judgment was rendered for plaintiffs,. and defendant brings error.

*Edwin L. Brown,* of Lusk, for plaintiff in error.

The only question for determination is one of jurisdiction. Plaintiff in error made a special appearance in the District Court and objected to the jurisdiction for want of notice. The objection was overruled and judgment rendered for defendants in error. The District Court never acquired jurisdiction, as no notice of docketing the appeal was served within the time required. 6535 C. S. The issuance and service of notice of the docketing is jurisdictional. Campbell v. Weller, 25 Wyo. 65; Eggert v. Dunning, 15 Wyo. 487. Statutory proceedings for appeal must be strictly followed. Italian Colony v. Bartagnolli, 9 Wyo.. 204.

*Thomas M. Fagan,* for defendant in error.

Plaintiff in error attended and participated in the trial. The court below had jurisdiction. No motion was made for a new trial, and no exception was reserved to the judgment. The proceedings here are not well founded, and attorney fees should be taxed in favor of the defendant. in error. A notice of docketing the appeal was issued and served as required by Sec. 6535 C. S. and the cause stood for trial as provided by Sec. 6536 C. S. A special appear–

ance in writing requires a bill of exceptions, in order to save the record. Syndicate Imp. Co. v. Bradley, 6 Wyo. 171. There is no bill of exceptions here.

Before KIMBALL, Justice, and METZ and RINER, District Judges.

KIMBALL, Justice.

This action was commenced before a justice of the peace. The judgment of the justice was in favor of the defendant, and the plaintiffs appealed to the district court. On a trial *de novo* in the district court the judgment was for the plaintiffs, and the defendant brings the case here on error. The sole contention is that the district court did not acquire jurisdiction of the defendant.

There is no claim that the appeal from the justice court to the district court was not properly and regularly perfected. The transcript and papers were received and filed and the appeal docketed by the clerk of the district court on December 3, 1924. It then became the duty of the clerk of the district court, on or before the second Saturday after the docketing of the appeal, to issue for service on the defendant a notice that the appeal had been docketed. Sec. 6535, Wyo. C. S. 1920. The clerk, on December 5, 1924, issued a notice which, however, was not in form a notice that the appeal had been docketed, but was similar in form to the notice of appeal required by section 6533. Service of this notice was accepted. We may assume for the purposes of our decision in this case that the service of that notice on the defendant was not a sufficient compliance with the provisions of 6535, requiring issuance and service of a notice of docketing the appeal.

On January 6, 1925, the defendant filed a so-called "special appearance and exception to jurisdiction," suggesting that the district court had no jurisdiction over the defendant for the reason that no notice was ever served upon him as required by section 6535.

On March 6, 1925, the clerk issued another notice which is in proper form to comply with the provisions of section 6535, and on the following day that notice was served on the defendant's attorney by the sheriff.

On March 10, 1925, the defendant's "special appearance and exception to jurisdiction" was overruled. The case was tried by the district court March 10 or 11. At the trial the defendant was present in person and by his counsel, and introduced evidence on the issues in the case. There was no objection in regard to the time of trial.

Without deciding whether or not the defendant, by participating in the trial, waived the question of jurisdiction of his person, we think it clear that such jurisdiction was acquired by service of the notice dated March 6 and served March 7. Section 6535 provides that:

"When such notice [of docketing the appeal] is returned "not served," or when the appellant deems the service defective, other notices shall be issued until the appellee is duly served therewith."

The notice of docketing an appeal is for the purpose of informing the appellee that the appeal has been perfected, and by its issuance and service the district court acquires jurisdiction of the person of the appellee. Eggert v. Dunning, 15 Wyo. 487, 492. Such a notice must not be confused with notices of appeal which, under some laws, must be given within a certain time in order to give the appellate court jurisdiction of the subject matter.

If, on the docketing of an appeal from a justice of the peace court, the notice issued and served is deemed by the appellant, or held by the court, to be defective, we see no reason why a second and proper notice may not then be issued and served as in the case at bar. We think the statute clearly contemplates that procedure, and that in this

case by the service of the notice of March 6 the district court acquired jurisdiction over the defendant.

The judgment of the district court will be affirmed.

*Affirmed.*

METZ and RINER, District Judges, concur.