## APPLICATION OF GOODRICH
## PUBLIC SERVICE COMMISSION OF WYOMING, ET AL. v. RUSSELL

(No. 2010; May 18, 1937; 68 Pac. (2d) 597)

For the appellants, there was a brief by *Ray E. Lee,*

Attorney General; *Thos. F. Shea,* Deputy Attorney General; *Wm. C. Snow,* Assistant Attorney General; and *L. C. Sampson* of Cheyenne and *Harold I. Bacheller* of Casper and oral arguments by *Ray E. Lee* and *L. C. Sampson.*

For the respondent, there was an oral argument by *Joseph Garst* of Douglas, following brief filed in Case No. 2008.

RINER, Justice.

This is a proceeding by direct appeal brought by the

Public Service Commission of the State of Wyoming through the Attorney General, F. C. Calhoun, G. L. Goodrich and Calhoun-Goodrich Lines, Inc., a Wyoming corporation, as appellants, against L. J. Russell, doing business under the firm name of Russell Transportation Company, as respondent. Thereby a review is sought of an order made by the district court of Laramie County overruling an application made to it by said appellants to dismiss an appeal taken by the respondent above named from an order of said Public Service Commission rendered March 5, 1936, in the matter of the application of the aforesaid G. L. Goodrich to procure an amendment of a certificate of Public Convenience and Necessity previously granted the said Goodrich on April 17, 1935, by order of said Commission then made.

Russell prosecuted his appeal from this adverse order of the Public Service Commission under the provisions of Sections 47-52, inclusive, of Chapter 65, Session Laws of Wyoming, 1935. Section 47 thereof authorizes the taking of an appeal from a final order or judgment of the Commission either to the district court of Laramie County or to the district court of the county wherein appellant's principal place of business is situated. Section 48 requires the party appealing, within fifteen days after the rendition of the final order or judgment of the Commission, to file with the latter a notice of appeal, pay all accruing costs or give approved bond therefor, paying $5.00 to the Commission for a transcript and allowance of the appeal. By Section 49 the Commission is required, within fifteen days after the appellant has taken the steps above mentioned, to "make copies of all documents and pleadings forming the issue for the hearing before it" and to certify the same to the district court with its bills of costs. Section 50 reads verbatim:

"Upon receiving such transcript and bill of costs,

the clerk of said court shall docket the same and require the appealing party to pay a docket fee of Five Dollars ($5.00) and shall, within five (5) days, notify all parties to the original proceedings of the docketing of such appeal."

Section 51 directs that the appellant, within thirty days after the appeal is thus docketed, shall file with the clerk aforesaid a certified transcript of the evidence submitted at the hearing before the Commission, which period may be extended an additional thirty days by the district judge for good cause shown. Section 52 provides verbatim:

"Within ten (10) days thereafter the clerk of said court shall serve on all respondents by registered mail, a notice of said appeal having been so perfected. Any party to said hearing shall have the right to be heard on appeal before said district court upon giving notice thereof within fifteen (15) days after receipt of said notice, whereupon a hearing shall be held, otherwise, to be summarily disposed of by said district court. No new evidence shall be taken at such hearing except evidence of fraud in the procurement of such final order or decision and the parties shall appear in the district court as they did before the commission."

All documents and pleadings forming the issue in the matter, together with the transcript of evidence adduced before the Commission, as required by Sections 50 and 51, appear to have been filed with the clerk of the district court of Laramie County on March 20, 1936.

On April 17, 1936, the four appellants first above named filed in the district court aforesaid a special appearance and motion to dismiss the appeal thus taken by Russell and as grounds alleged:

"1.   That the Clerk of Court has failed to notify all parties to the original proceeding of the docketing of such appeal as provided in Section 50, Chapter 65, Session Laws of Wyoming, 1935.

"2.   That the Clerk of said Court has failed to serve on all respondents Notice of said Appeal having been

perfected as provided by section 52, Chapter 65, Session Laws of Wyoming, 1935.

"3. That said Appeal has not been perfected according to Chapter 65, Session Laws of Wyoming, 1935."

A hearing was had on this motion on May 19th following by the court, and on the 21st of that month its order was entered overruling the motion and setting the matter for hearing on the merits on June 2, 1936.

So far as can be told from the record, without leave of court had, on May 29, 1936, the appellants aforesaid filed another application designated "Plea to the Jurisdiction," requesting the court to dismiss the appeal of Russell on grounds substantially the same as those contained in their motion to dismiss, above described, with some added details designed to show the failure of the notice issued by the clerk under Sections 50 and 52, supra, to comply with the requirements of those provisions of law. This "plea" was verified positively by counsel. On June 19, 1936, after a hearing had thereon, this second application to dismiss the appeal was denied by the district court through an order made and entered on that date, wherein it was adjudged that the appeal "be not dismissed and that a hearing be had upon the merits of said appeal."

The hearing on the merits thus ordered was had before the court on the date last mentioned, and a final order then was entered upholding the decision of the Public Service Commission, from which Russell had taken his appeal. The latter at the time noted and saved his exception thereto and in due course served notice of appeal to this court therefrom, and subsequently brought the record here in case assigned No. 2007. The instant case is as described above, an appeal by the four parties first above mentioned from the order of the district court of June 19, 1936, overruling their second application to the district court to dismiss the Russell appeal from the order of the Commission.

The contentions here presented on appellants' behalf are, briefly, that the five and ten day periods prescribed by Sections 50 and 52 respectively of Chapter 65, Laws of Wyoming, 1935, supra, within which the clerk of the district court shall "notify all parties to the original proceeding of the docketing of such appeal" and "serve on all respondents by registered mail" a notice of the filing of the transcript of the evidence in his office, are mandatory; that no such notices could be served after the lapse of these periods of time; that the notices aforesaid were improperly served in this matter on account of not having been timely and properly given and also because they were sent to counsel for the parties and not to the parties themselves.

The provisions of the law of this state regulating the prosecutions of appeals from the final judgments of justice courts in civil actions to the district courts, would seem rather analogous in their requirements to some of those contained in Sections 47 to 52 of Chapter 65, supra, and as the former have received consideration in this court in several of its prior decisions, a brief survey thereof will be of assistance now.

Section 62-1201 W. R. S., 1931, authorizes an appeal to be taken from the final judgment of a justice of the peace in a civil action; Section 62-1202 W. R. S., 1931, requires the appellant to file a notice of appeal with the justice of the peace within fifteen days after rendition of the judgment sought to be questioned, to pay that official all accrued costs or give a bond therefor, and to pay the justice the sum of $1.50 as a fee for preparing a transcript; by Section 62-1203 W. R. S., 1931, the justice is directed to make up a transcript and transmit all papers to the clerk of the district court within five days after said notice is filed and the payment of costs or the filing of bond therefor. Section 62-1204 W. R. S., 1931, then imposes upon the clerk of the district court the duty of docketing the appeal upon payment of his

legal fees and "on or before the second Saturday after the docketing of such appeal" he shall issue a notice to the appellee that the appeal has been docketed. This notice the sheriff is required to serve upon the appellee or his attorney and make his return thereof the second Monday after its date. When the notice is not served or the service is deemed by the appellant to be defective "other notices shall be issued until the appellee is duly served therewith." In case the appellee cannot be served at all, upon appellant's affidavit being filed to that effect, the cause stands ready for trial as though service had been made as directed.

In Jones v. Kaan, 37 Wyo. 165, 260 Pac. 183, this court held that a second notice to appellee could be issued by the clerk under Section 6535 W. C. S., 1920, (now Section 62-1204, supra) and said:

"The notice of docketing an appeal is for the purpose of informing the appellee that the appeal has been perfected, and by its issuance and service the district court acquires jurisdiction of the person of the appellee. Eggert v. Dunning, 15 Wyo. 487, 492. Such a notice must not be confused with notices of appeal which, under some laws, must be given within a certain time in order to give the appellate court jurisdiction of the subject matter."

In Horse Creek Conservation District v. Lincoln Land Co., 50 Wyo. 229, 59 Pac. (2d) 763, attention was called to the fact that in Lewis' Sutherland on Statutory Construction (2d Ed.) Section 612, it is stated that the cases universally hold that "a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer." It was in that case

also said, many decisions being cited as so holding, that:

"We think the authorities support the view that even in proceedings unknown to the common law, a statute which imposes on a public officer a duty to be performed within a fixed time should be construed as directory as to the time of performance, if that is necessary to carry out the purpose of the statute."

With these decisions before us, we are inclined to the view that the five and ten day periods within which notices are required to be given appellees, as provided for by Sections 50 and 52, supra, are not limitations upon the authority of the clerk of the district court, but are directory provisions merely. We think that when an appellant files his notice of appeal with the Public Service Commission, pays the costs or gives the proper undertaking to answer for them, orders and pays for the transcript and allowance of his appeal, pays the clerk of the district court the necessary docket fee, and the documents and pleadings forming the issue before the Commission are filed with the clerk, the district court thereby acquires jurisdiction of the subject-matter of the appeal. As intimated in Jones v. Kaan, supra, the notices thereafter issued are but in the nature of process to obtain jurisdiction of the persons of the appellees.

We think, also, as in the case of the justice court statutes above reviewed, if any such notices are not issued within the periods of time mentioned in Sections 50 and 52, aforesaid, and are not served on the proper parties within those periods, other notices may and should issue for the purpose so long as a reasonable effort is made to obtain proper service, a matter which can well be controlled by the district judge. If the delay in obtaining service should in any case become unreasonable the appeal could very well be dismissed by the district court on that ground.

We are led to these conclusions for a number of rea-

sons. It is true the law does not expressly state that additional notices may be sent out, as is authorized in the justice code, but it nowhere says or by inference implies they shall not be. The requirements in point of time are directory as above suggested. The purpose of these acts to be performed by the clerk of the district court is, of course, to get actual notice to the appellees as quickly as possible. That would seem to be the idea underlying the extremely short periods of time, five and ten days respectively, within which these notices are to be served. It would hardly accomplish the evident purpose of the lawmaking body to hold that if no notice were given the respondents within these periods the appeal must be abortive. That would be to rest appellant's rights in connection with the appeal not only upon the exact and precise performance of his duties by a clerical officer, but upon the uncertainties of obtaining proper service within such extremely short periods of time. We are of opinion that it would be unreasonable to subordinate the rights of litigants in such fashion and that it was never the intention of the legislature to accomplish such a result.

In passing, we are obliged to say that the provisions of the law relating to appeals in matters of this kind are not very skillfully drawn. We can see no useful purpose subserved in having two notices issued by the clerk of the district court. The notice provided for by Section 52, supra, would be, it would seem, quite ample for the purpose it accomplishes. Again, the law is far from clear upon whom the notice provided for in the second sentence of Section 52, supra, shall be served in order that a hearing may be held and a summary disposition of the appeal prevented.

It will be observed that both the motion and plea filed by the four appellants in this case attack only the service of the several notices. It may well be that appellants were correct in their position that the notices

should not have been served upon their counsel but upon themselves. Nevertheless, that gave them no right to have the appeal dismissed. The most they might claim would be a proper service of the notices as process. However, they did not stop there in their attacks upon the service, but sought the dismissal of a proceeding wherein the court already had acquired jurisdiction of the subject-matter thereof. In short, the motion and plea were each too broad, and thereby appellants entered their general appearance in the appeal before the district court, notwithstanding the fact that they had designated their papers "special appearances."

Where an attempted special appearance, coupled with a motion to dismiss the appeal, was made in an appeal from an industrial board ruling in Venable v. Fairmount Glass Works, 83 Ind. App. 77, 145 N. E. 581, the court disposed of the matter in these words:

"It is to be observed that the motion filed by appellant, on entering his special appearance to the application to review because of changed conditions, was a motion to set aside the notice, to vacate the order of setting, and to dismiss the application. It not only asked that the notice be set aside, but it went further, and asked that the application to review be dismissed. If it be treated as a motion to dismiss, the alleged defect in the service of notice is of no avail and must be treated as having been waived, as the filing of a motion to dismiss amounts to a full appearance."

In Everett v. Wilson, 34 Colo. 476, 83 Pac. 211, the court uses this language:

"The presumption is that any appearance is general. 2 Enc. Pl. & Pr. 632. Merely because a defendant says he enters a special appearance does not make it such. That must be determined, in part at least by the object he has in view. A special appearance is one made for the purpose of urging jurisdictional objections. 2 Enc. Pl. & Pr. 620; 3Cyc. 511. If a defendant separately or in conjunction with a motion going only to the jurisdiction invokes the power of the court on the merits,.

or moves to dismiss the action, or asks relief which presupposes that jurisdiction has attached, this constitutes a general appearance. 3 Cyc. 508; 2 Enc. Pl. & Pr. 626; Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371; Wood et al. v. Young, 38 Iowa 102; Belknap v. Charlton, 25 Or. 41, 34 Pac. 758. The defendant's motion here asked for relief, which is inconsistent with his avowed object to test the jurisdiction of the court over his person, and which could be granted only after jurisdiction was obtained. Not only did he ask to have the attachment dissolved and the writ and the levy quashed because of defective service, but he went further and asked to have the cause itself dismissed. It would not be proper to dismiss the cause, even though jurisdiction of defendant's person was lacking."

So in Teater v. King, 35 Wash. 138, 76 Pac. 688, the court says:

"The appellant's position is that the action abated when the original summons and service thereof were quashed and set aside, and therefore carried the proceedings for the writ of restitution with it, as an incident, and that the trial court erred in not quashing the writ and dismissing the case. There would be much force in appellant's contention if he had not asked the court below to dismiss the action. The appearance of appellant was, in form, special for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits when he asked for a dismissal. A party desiring to successfully challenge jurisdiction over his person should not call into action the powers of the court over the subject-matter of the controversy. By so doing he waives his special appearance, and will be held to have appeared generally. Fitzgerald Const. Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608; Sayward v. Carlson, 1 Wash. St. 29, 23 Pac. 830; 2 Enc. Plead. & Prac. 625; Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371."

Likewise in Bucklin v. Strickler, 32 Neb. 602, 49 N. W. 371, the Supreme Court of Nebraska announced a similar rule through an opinion by Judge Maxwell, the

syllabus of the decision being stated by the court in these words:

"A motion to quash a summons because of defects therein or in serving the same, should be confined to the defects complained of. If it go further, and pray for a dismissal of the case, it is a general appearance in the action, as it invoked the power of the court on a question other than that relating to jurisdiction."

See also Grieve v. Huber, 38 Wyo. 223, 266 Pac. 128; Clawson v. Boston Acme Mines Development Co. et al., 72 Utah 137, 269 Pac. 147. Additional authorities of like purport may readily be found.

Finally, it is to be noted that the appeal in this matter is from the order of the district court of Laramie County overruling the so-called plea to the jurisdiction filed by appellants. In 4 C. J. S. 216, Section 116, the text, citing an elaborate list of cases, says:

"Unless the case is covered by some special statutory provision changing the general rules, an appeal will not lie from an interlocutory or discretionary order or decree overruling a motion to quash or set aside the writ or summons in an action or the service thereof."

To the same effect is 4 C. J. S., Section 119, page 233, and cases cited. See also State ex rel. Brainard v. District Court, 34 Wyo. 288, 298, 243 Pac. 123.

The appeal must be dismissed.

*Dismissed.*

BLUME, Ch. J., and KIMBALL, J., concur.