[No. 4638.]

EVERETT v. WILSON.

1. Judgments—Default—Appearance—Jurisdiction.

Where the court had jurisdiction of the subject-matter, orders of the court reciting that defendant appeared by counsel and that his default was entered for failure to plead as required by rule prima facie show that the court had jurisdiction of the person of the defendant and that a default was properly entered.

2. Appellate Practice—Bill of Exceptions—Attachment—Motion to Quash—Notice.

A motion to quash a writ of attachment and levy and to dismiss the cause not based upon or affecting a pleading in the cause is not a part of the record unless made so by bill of exceptions, and in the absence of a bill of exceptions the appellate court cannot consider an objection that such motion was heard and determined without due notice to defendant's counsel.

3. Appellate Practice—Bill of Exceptions—Order to Plead.

Where the validity of an order requiring a defendant to plead within a certain time is not contradicted by the record proper, an objection to the validity of such order cannot be considered on appeal in the absence of a bill of exceptions containing impeaching evidence.

4. Appellate Practice—Bill of Exceptions—Attachment—Motion to Quash.

Rulings of the trial court upon a motion to quash a writ of attachment and certificate of levy, where such motion is not based on nor affects the pleadings, cannot be reviewed by the appellate court unless objections and exceptions to such rulings be preserved by bill of exceptions.

5. Jurisdiction—Appearance—Recital of Record.

A recital in the record that defendant by his attorney appeared in the action is sufficient showing of appearance as against an objection that the court had no jurisdiction of the person because no service of process was had, unless such recital be shown to be false.

6. Appearance—General and Special—Presumption.

The presumption is that any appearance in a cause is a general appearance, and merely because a defendant says he enters a special appearance does not make it such, but the nature of the appearance must be determined by the object the defendant has in view in making such appearance.

**7. Appearance—General and Special.**

A special appearance is one made for the purpose of urging jurisdictional objections only, and if a defendant separately or in conjunction with a motion going only to the jurisdiction invokes the power of the court on the merits or moves to dismiss the action or asks relief which presupposes that jurisdiction has attached, his appearance is general.

**8. Same—Attachment—Motion to Quash—Dismissal.**

A motion to quash a writ of attachment and certificate of levy on the ground of defective service which also asks that the cause be dismissed constitutes a general appearance.

*Error to the County Court of Rio Grande County: Hon. Alden Bassett, Judge.*

Mr. O. D. RYAN and Mr. W. E. COX, for plaintiff in error.

Mr. C. H. PIERCE, Messrs. WILSON & RICKARDS and Mr. W. C. BOWEN, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action for work and labor done and expenditures made by plaintiff at the request of defendant. The defendant is a nonresident of the state, and summons was ordered served by publication. In aid of the action a writ of attachment was sued out and a levy made upon defendant's real estate situate in Colorado. Defendant filed a motion to dismiss the cause, set aside the attachment and quash the levy, which was denied, and he was required to answer. This he did not do. His default for failure to comply with this rule was entered, and a trial was had, evidence heard, findings made for plaintiff, the attachment sustained, and judgment rendered against defendant for the amount claimed. To the judgment the defendant prosecutes this writ of error.

The errors relied upon for reversal are that the trial court was wrong: (1) in passing upon de-

fendant's motion to quash the attachment and certificate of levy thereof in the absence of defendant's attorney, and without any proper notice to him; (2) in prematurely entering defendant's default; (3) in overruling defendant's motion to quash and rendering judgment in plaintiff's favor and sustaining the attachment.

1. In the record is an order of the court, leading up to the final judgment, in which is recited the fact that defendant, by his counsel, filed a motion *to dismiss the cause* and dissolve the writ of attachment and its levy. And the further recital is made therein that the defendant appeared not, though duly notified of the hearing, and the court thereupon proceeded to hear the motion and overruled the same, and as a part of the same order required defendant to plead further within a certain time. Afterwards there is another order, and as part of the final judgment, that the defendant having failed to appear and plead (as theretofore required by the order already referred to), and the time thus limited having expired without any such appearance or plea, the defendant's default therefore was duly entered, and, upon the application of the attorney for the plaintiff, the court proceeded to trial and heard evidence and upon consideration thereof found the issues for plaintiff and rendered final judgment for him, as already stated.

These orders therefore reciting that the defendant appeared by counsel, and that his default was entered for failure to plead as required by rule, *prima facie* show that the court had jurisdiction of the person of the defendant, secured by a general appearance, and that the default was properly entered. As the complaint discloses that there was jurisdiction of the subject-matter, it follows that the judgment must stand unless it is impeached by some-

thing else in the record which we are privileged to notice.

2. No bill of exceptions was preserved or filed. The objection urged in argument that the trial court, without due notice to defendant's counsel, heard and determined his motion to dismiss the action and quash the attachment and the levy, cannot be considered in the absence of a bill of exceptions. This motion was not, in fact, based upon nor did it affect any pleading in the cause. While there was a reference in the motion to pleadings, the only pleading filed is the complaint, and the disposition of the motion in nowise depended upon it. To sustain the motion reliance was had upon affidavits and certain files and records in the case. The motion does not come within section 387 of the Civil Code, and is not part of the record proper. It can become such only by being embodied in a bill of exceptions, and rulings thereon and consideration of affidavits in its support are available on appeal, and can be preserved for this purpose only by bill.—*Wike et al. v. Campbell,* 5 Colo. 126; *Rowe v. The People,* 26 Colo. 542.

3. Another objection urged is that the court entered the default of defendant before the time for answer expired. The rightfulness of this depends upon the validity of the order requiring him to plead. This order is valid in the absence of an affirmative contrary showing. The record proper does not contradict it, and there is no bill that contains impeaching evidence.

4. Another objection was that the court erred in overruling defendant's motion to quash the writ of attachment and the certificate of levy. This motion not being based on or affecting the pleadings, objections and exceptions to rulings upon it must be preserved by bill, and the same observations apply

to this as to the objection first considered. In short, the foregoing objections are not properly before us because no bill of exceptions was preserved.

5. The general objection that the court did not have jurisdiction over the person of the defendant, hence no power to proceed to judgment, because no service of process, either personal service or service by publication, was had, is not good as against the recitals in the record that defendant by his attorney *appeared* in the action, unless such recital is false. This appearance, however, the defendant says, as shown by other recitals in the motion, was a special appearance only, limited to the single object for which the motion was filed, viz, to dissolve the writ of attachment and quash the certificate of its levy. He contends therefore that the trial court was wrong in construing the filing of this motion as constituting a general appearance. The presumption is that any appearance is general.—2 Enc. Pl. & Pr. 632. Merely because a defendant says he enters a special appearance does not make it such. That must be determined, in part at least, by the object he has in view. A special appearance is one made for the purpose of urging jurisdictional objections.—2 Enc. Pl. & Pr. 620; 3 Cyc. 511. If a defendant separately, or in conjunction with a motion going only to the jurisdiction, invokes the power of the court on the merits, or moves to dismiss the action, or asks relief which presupposes that jurisdiction has attached, this constitutes a general appearance.—3 Cyc. 508; 2 Enc. Pl. & Pr. 626; *Bucklin v. Strickler,* 32 Neb. 602; *Wood et al. v. Young,* 38 Iowa 102; *Belknap v. Charlton,* 25 Ore. 41.

The defendant's motion here asked for relief, which is inconsistent with his avowed object to test the jurisdiction of the court over his person, and which could be granted only after jurisdiction was

obtained. Not only did he ask to have the attachment dissolved and the writ and the levy quashed because of defective service; but he went further, and asked to have the cause itself dismissed. It would not be proper to dismiss the cause, even though jurisdiction of defendant's person was lacking. The action was instituted and jurisdiction of the court acquired by the filing of the complaint.—Civil Code, § 44. If the attempted service of process, whether summons or writ of attachment, was ineffective, additional process might issue and valid service be secured. The defendant's evidence to overcome the record recital of an appearance is the motion to dismiss. If, in the absence of a bill of exceptions, we are not permitted to inspect the motion, the recital must stand; and if we do examine it, we are constrained to agree with the trial court in construing, as a general appearance, the appearance which the defendant made when he filed it.

The judgment must be affirmed.          *Affirmed.*

Chief Justice Gabbert and Mr. Justice Steele concur.