No. 10,665.

THE PEOPLE, EX REL. BARNUM *v.* DISTRICT COURT OF THE FOURTEENTH DISTRICT, ET AL.

Decided July 2, 1923. Rehearing denied October 1, 1923.

Original petition for writ of prohibition.

*Petition Dismissed.*

1.  APPELLATE PRACTICE—*Original Writs.* The power of the Supreme Court to issue original writs comes from the Constitution, and no procedure being prescribed, the court may conform to the code, or common law practice in such cases. It is the practice in applications for original writs to permit respondent to set forth his objections either by motion, demurrer or answer, or all of them.

2.  PROHIBITION—*Writ, When Granted.* Prohibition is a discretionary writ with the Supreme Court and is not granted unless in connection with other matters the inferior court has no jurisdiction to act.

3.  PRACTICE AND PROCEDURE—*Appearance.* A motion to quash a writ of attachment, or the asking for time to plead on the overruling of a motion, or a motion which presupposes that the jurisdiction of the court has already attached, constitutes a general appearance, which waives all defects in the summons, service thereof and all other jurisdictional irregularities save only the subject matter.

4.  *Supreme Court Rules.* Rule 4 of the Supreme Court provides that a motion to quash a summons or scire facias or service of either shall, if overruled, be deemed a general appearance of the party making such motion.

5.  COURTS—*Jurisdiction—Prohibition.* A general appearance, however brought about, always gives the court jurisdiction of the person, and any rulings in the action are therefore in the exercise of jurisdiction and may not be questioned by prohibition.

### Original Proceeding.

Mr. JOSEPH K. BOZARD, for petitioner.

Messrs. GOODING & MONSON, for respondents.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN response to a rule to show cause why a writ of prohibition should not be issued, the respondents filed an instrument denominated a motion to quash and dismiss, and a demurrer, and a separate instrument, called an answer and return.

1.  The petitioner moves to strike the answer and return upon the ground that, by filing the motion and demurrer, respondents waived their answer and return. Our power to issue original writs comes from the Constitution, not from a statute. No procedure has been prescribed by the Constitution. In exercising this original jurisdiction we may conform, as nearly as may be, to the code pro-

cedure in similar cases, or we may adhere to the common-law procedure.   Under our Code of Civil Procedure there is a due order in the time of pleading.   Thereunder a motion or special demurrer is waived by the filing of an answer, but this Court has not held that an answer is waived by the filing of a demurrer or motion.   It is our practice, in like applications, to permit the respondent, in showing cause, in one pleading, or in separate pleadings, to set forth his objections either by motion, demurrer, or answer, or by all of them.   The answer certainly is before us for consideration.

2.   The petition asks for the writ of prohibition to restrain further action by the district court, in a suit on promissory notes against a nonresident defendant, there pending and undetermined, in which no personal service of summons was had, but in which the summons was published under an order of court, and in which a writ of attachment was issued and levied upon real estate of the defendant situate in Colorado.   Some of the grounds relied upon are nothing more than alleged erroneous rulings made by the court in the exercise of its jurisdiction, such as allowing the return of the sheriff upon the attachment writ to be amended.   Prohibition is a discretionary writ with us and is not granted, unless, in connection with other matters, an inferior court has no jurisdiction to act.   The only jurisdictional ground alleged in the petition, or suggested upon the hearing to show cause, is that the district court has not jurisdiction further to proceed with the trial, because the summons issued, and ordered published by the court, was signed by the attorney for the plaintiff, and not by the clerk under the seal of the court.   With that question we are not concerned.   The defendant, by his attorney, appeared specially with a motion to quash the summons and the service thereof upon the ground stated.   The court overruled the motion, to which exception was taken, and it appears by the return, which sets forth *in haec verba,* the order of the district court, that thereupon the defendant asked for, and was granted, 10 days in which to plead, and

15 days to answer, and afterwards a further extension was ordered. After this motion was overruled, defendant filed another motion, in which it was stated the defendant appeared specially, and filed the same for a rehearing of the motion to quash the summons. This was overruled. The defendant also at the same time, filed a motion to quash the writ of attachment setting forth that he appeared specially for that purpose.

The motion to quash the writ of attachment was itself a general, not a special, appearance. Defendant, by his counsel, at the time the motion to quash the summons was overruled, asked for, and was given, time within which to plead or answer, and the order went as prayed for. This, of itself, was a general appearance.

In the motion to quash the writ of attachment there was a declaration that the defendant appeared specially for that purpose only. This was not a special, but it was a general, appearance. The motion was not based on lack of jurisdiction, but on the ground that its issuance was not in accordance with the applicable provisions of the statute. This was nothing but an irregularity, if any error. The motion was an appeal to the court to quash the writ for such irregularity. This application presupposed that jurisdiction had already attached. That this constituted a general appearance was decided in *Everett v. Wilson*, 34 Colo. 476, 480, 481, 83 Pac. 211. See also 4 C. J. 1333, *et seq.* Therefore, even if it be conceded that a summons signed by the plaintiff is not sufficient to support an order of publication, that is not important here. The only purpose or function of a summons is to give the defendant notice of the action. When he enters his general appearance, as was done here, it is immaterial whether a summons was ever issued or served. A general appearance waives all defects in the summons, or service thereof, and all other jurisdictional irregularities, save only the subject-matter. *Balfe v. Rumsey*, 55 Colo. 97, 100, 133 Pac. 417, Ann. Cas. 1914C, 692; *Pierce v. Hamilton*, 55 Colo. 448, 452, 135 Pac. 796.

Besides, rule 4 of this Court is conclusive upon this point;

"A motion to quash a summons or *scire facias* or service of either shall, if overruled, be deemed a general appearance of the party making such motion." Strange as it may be, the petitioner says that this rule itself is authority for the granting of this original writ, because if he proceeds further in the case this would be a waiver of the jurisdictional objection. The language of the rule interprets itself. It says that if the motion to quash is overruled, the appearance to make such an objection shall be deemed a general appearance. A general appearance, however brought about, always gives the court jurisdiction of the person. Here there is no question as to the court's jurisdiction of the subject-matter. Any rulings in the action are, therefore, in the exercise of jurisdiction, and may not be questioned by prohibition. There are other reasons for denying the prohibition, but the reasons assigned are enough.

The rule to show cause should be quashed and the action dismissed, and it is so ordered.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.