No. 27796

**At Home Magazine, Philip Seldon, d/b/a At Home Magazine, Philip Seldon, d/b/a Seldon Publishing v. District Court in and for the Twentieth Judicial District, State of Colorado and the Honorable William D. Neighbors, one of the judges thereof**

(572 P.2d 476)

Decided December 12, 1977.                    Rehearing denied January 3, 1978.

Miller and Gray, P.C., Daniel C. Hale, for petitioners.

Zook, Locke & Woolf, Keith H. Zook, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding.

Mailomatic Corp., a Florida corporation, d/b/a Media Printing Corp., brought an action in the respondent court against petitioners sounding in contract seeking judgment in the amount of $56,780, plus interest and costs. Petitioner Seldon is a resident of New York. The petitioners were served in the action in New York under the "long-arm" statute. Sections 13-1-124 and 125, C.R.S. 1973. The district court denied a motion to dismiss, ruling that it had *in personam* jurisdiction in the case. We issued a rule to show cause why the motion should not have been granted, and the matter is now at issue. We now discharge the rule.

Seldon placed a printing order with Mailomatic for the printing of brochures promoting Seldon's At Home Magazine.[1] The alleged price to

---

[1] In the brochure it was stated: "[A]t Home Magazine totally devoted to sex, sexual awareness, love-making techniques for a completely fulfilled sexual lifestyle! It's AT HOME magazine — to premier soon for the sexually liberated men and women open to experimentation in exploring all possible sexual worlds."

be paid for the printing was $56,780. The brochures were printed in Florida, and were mailed from there to persons throughout the United States, including persons in Colorado. The brochures were mailed in envelopes containing a return address for At Home, being a post office box in Boulder, Colorado. The subscription form contained in the promotional brochures was to be mailed to At Home, P. O. Box 2734, Boulder, Colorado, 80302, a box obtained by Seldon.

Seldon opened a checking account at the First National Bank in Boulder at Boulder, Colorado. He entered into a contract with a subscription service organization of Boulder, under which it was to pick up mail from the post office box, open the envelopes, deposit the subscription money in the bank account and provide other incidental services. The subscription service deposited in excess of $230,000 in the bank account. In New York, Seldon gave Mailomatic a check on this account in the amount of $25,000, representing part payment for the printing bill, but then Seldon stopped payment on the check. The action in the respondent court was brought very shortly thereafter.

So far as appears in the record, the only "contacts" of Seldon with Colorado have been as already set forth.

In the action in the respondent court the petitioners moved to dismiss for lack of *in personam* jurisdiction and filed a traverse in the attachment proceedings in the case under which the aforementioned bank account was attached. In denying the motion to dismiss, the respondent judge gave three grounds for his ruling, only two of which we discuss here.[2]

■ As its first reason, the trial court held that, although counsel for the defendants entered what they designated a "special appearance" the traverse and the motion to dismiss constituted a "general appearance" and thus subjected the defendant to the personal jurisdiction of the court. We disagree. There are cases that indicate that this may have been the rule in Colorado at one time. *See, e.g., People v. District Court*, 74 Colo. 48, 218 P. 912 (1923); *Everett v. Wilson*, 34 Colo. 476, 83 P. 211 (1905). However, in 1941, modeling it after Fed. R. Civ. P. 12, Colorado adopted C.R.C.P. 12. Section 12(b) of that rule did away with "general" and "special" appearances. *Treadwell v. District Court*, 133 Colo. 520, 279 P.2d 891 (1956). *See generally, Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3rd Cir. 1944); 2A *Moore's Federal Practice* § 12.12; 5 C. *Wright & A. Miller, Federal Practice and Procedure*: Civil § 1344.

---

[2]The ground not here discussed was that the attachment of the bank account gave the court jurisdiction, at least to the extent of the account. It should be noted that the court's ruling was made eight days prior to the announcement on June 24, 1977 of *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683.

As its second ground, the trial court held that it had jurisdiction under the long-arm statute. Section 13-1-124 and 125, C.R.S. 1973. We agree.

■ "Due process requires that in order to subject a defendant to a judgment *in personam*, if he is not within the forum state, he must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. . ." *Safari Outfitters v. Superior Court*, 167 Colo. 456, 448 P.2d 783 (1968).

■ In *Van Schaack & Co. v. District Court*, 189 Colo. 145, 538 P.2d 425 (1975),[3] there is the following quotation from *White Lumber Sales, Inc. v. Sulmonetti*, 252 Or. 121, 448 P.2d 571 (1968):
"From the *McGee* [*McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)] and *Hanson* [*Hanson v. Deckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)] cases, three criteria can be said to define the present outer limits of *in personam* jurisdiction based on a single act: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

■ In *Van Schaack & Co.* a Kansas bank had issued a letter of credit on behalf of a prospective purchaser of Colorado land. The bank later revoked its letter of credit. An action was commenced in Colorado by the prospective seller against the prospective purchaser and a broker. The broker sought to bring the bank into the action as a third-party defendant. It was the opinion of the majority of the court that there was *in personam* jurisdiction over the bank under the long-arm statute. Since this court has held that there were sufficient contacts by the bank under the three criteria above set forth, we hold that there were sufficient contacts here as to the petitioners.

The petitioners also would have us review the ruling of the respondent court in sustaining the validity of the attachment under the issues raised by the traverse. We elect not to review that ruling in this original proceeding.

Rule discharged.

---

[3]The author of this opinion there dissented and, except for the majority opinion in *Van Schaack & Co.*, might not favor the result reached in the instant opinion.

MR. JUSTICE ERICKSON dissents.
MR. CHIEF JUSTICE PRINGLE does not participate.