Argued and submitted June 21, judgment modified in part; award of attorney fees as to wife reversed September 14, 1994

In the Matter of the Marriage of

Charles A. BLAKE,
*Appellant,*
*and*

Priscilla J. BLAKE,
*Respondent.*

(D84-0434; CA A81601)

880 P2d 972

Charles D. Gazzola argued the cause for appellant. With him on the brief was Stahancyk, Gazzola & Gearing, P.C.

Donald Winfree argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

■ Husband appeals from a judgment modifying an award of spousal support and awarding wife attorney fees. On *de novo* review, ORS 19.125(3), we modify the judgment and terminate spousal support, and reverse the award of attorney fees.

The parties ended their 23-year marriage in 1985. At the time of the dissolution, husband's monthly gross income was $4,259. Wife attended college and had no income. The parties expected that, after wife completed her education, she would obtain work paying her about $1,300 per month. The stipulated dissolution judgment awarded wife $1,400 per month spousal support for four years and then $1,000 per month indefinitely.

In 1993, husband brought this action to modify the judgment to terminate his spousal support obligation. At that time, wife was employed and her gross monthly income, not including spousal support, was $3,359. Husband had voluntarily retired at age 55 with benefits of about $2,050 per month. The trial court found that wife's "well-paying employment" was a substantial and unanticipated change in the parties' economic circumstances that justified a modification of spousal support and reduced her award to $500 per month indefinitely. ORS 107.135(2). Husband assigns error to the trial court's failure to terminate support and to the award of attorney fees to wife.

■ Spousal support should be ended when the purposes of the initial award have been met. *Bates and Bates*, 303 Or 40, 46, 733 P2d 1363 (1987). Husband contends that the purpose of the initial award was to support wife while she finished college and for the first few years after she became employed. Wife argues that, because she began working at age 52, she needs spousal support so that "she does not retire to a life of a borderline poverty situation."[1]

---

[1] Wife makes other arguments that seemingly challenge the trial court's conclusion that there was a substantial change of circumstances justifying a modification of spousal support. However, wife does not cross-appeal, and we therefore will not consider those arguments.

At trial, both husband and wife testified that the award of indefinite spousal support was based on the anticipated disparity between the parties' earnings. Considering the parties' testimony, together with evidence in the record from the original dissolution judgment, we conclude that the purpose of the award of indefinite spousal support was to ensure that wife would enjoy a standard of living not overly disproportionate to what was enjoyed during marriage, and not to fund a retirement program for her. ORS 107.105-(1)(d)(F); *Bates and Bates, supra,* 303 Or at 416.

The purpose of the original award has been met. At the time of the dissolution, husband's gross income was $4,259 per month. Wife was not employed. The parties owned their home and had made several other investments. The dissolution judgment evenly divided the parties' property, including husband's retirement plan. Wife sold her interest in that plan to husband for $12,000. Now, wife has a gross monthly income, not including spousal support, of $3,359. She owns her home and has about $60,000 in equity. Other than her mortgage payment, she has no debt. Wife has about $500 per month in discretionary income after paying her expenses, not including the award of spousal support. Under those circumstances, we conclude that, without the award of spousal support, wife is able to enjoy a standard of living that is not overly disproportionate to what she enjoyed during marriage.

■ The support-dependency relationship should be ended within a reasonable time if that can be accomplished without injustice or undue hardship. *Grove and Grove,* 280 Or 341, 353, 572 P2d 477, *mod* 280 Or 769, 571 P2d 1320 (1977). That is so here.

The trial court awarded wife attorney fees. On *de novo* review, we conclude that the financial condition of the parties does not justify requiring either party to pay the other's attorney fees at trial or on appeal.

Judgment modified to terminate spousal support effective the date of the issuance of this opinion; award of attorney fees to wife reversed. Costs, not including attorney fees, to husband.