Argued and submitted October 7, 1996, affirmed July 2, petition for review denied October 7, 1997 (326 Or 62)

In the Matter of the Marriage of

Mary P. BARLOW,
*Respondent,*
*and*

Howard W. BARLOW,
*Appellant.*

(86 0099; CA A91405)

942 P2d 290

Larry W. Stuber argued the cause for appellant. With him on the brief were Patrick L. Hadlock and Ringo, Stuber, Ensor & Hadlock, P.C.

Donald P. Reiling argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals a judgment modifying his spousal support obligation from $1,100 per month to $900 per month. He contends that the trial court should have terminated the support obligation entirely, because wife has retired and enjoys both retirement benefits and lower living expenses. On *de novo* review, ORS 19.125(3), we affirm.

The parties were married for 31 years. At the time of the 1986 dissolution, wife was 64 and employed as a social worker, earning $1,500 per month. She began that work approximately six years earlier, after spending the previous 20 years at home as a homemaker, raising the parties' five children. Husband was 59 and worked as a district court judge, earning approximately $4,600 per month. There were no minor children at the time of the dissolution.

The trial court ordered husband to pay $1,500 per month indefinite spousal support. The court did not make express findings as to the purpose of the award or the manner in which it derived the particular figure. The court, however, did say that the amount was "predicated on [husband's] income." The court also expressly took into consideration the possibility that wife was nearing retirement. Wife, in fact, requested that the court step up support to a higher amount following her retirement. The court declined to do that, concluding that a fixed amount of support "provides her with maximum incentive to continue working and build reserves if she desires but also provides sufficient income for her to retire at age 65."

During the next nine years, husband three times moved for—and twice obtained—modification of the spousal support obligation on the basis of changes in the relative incomes of both parties. At the time that husband initiated this proceeding, in 1995, he was obligated to pay $1,100 per month. He had retired from the bench and drew $4,650 per month gross income, excluding a relatively small amount from a deferred compensation account. Wife, too, had retired and drew $2,561 per month gross income in retirement benefits, not counting spousal support. At the time of the hearing, husband was 68 and wife was 73.

The trial court found that wife's retirement and resulting change in income constituted a substantial change in circumstances sufficient to warrant a reexamination of spousal support. It then compared the relative incomes of the parties and noted that, although the disparity in incomes had decreased somewhat, there was not a change sufficient to warrant elimination of the spousal support obligation entirely. The court lowered the obligation to $900 per month.

On appeal, husband argues that the support obligation should be terminated, because the original purpose has been served. According to husband, the purpose of the spousal support was to encourage wife to stay in the workplace long enough to build up a reasonable amount of retirement benefits, which she now has accomplished. Husband notes that wife's income has increased substantially from the amount she earned at the time of the original dissolution, while his has increased only slightly. Wife contends that husband is mistaken in asserting that the sole purpose of the original spousal support award was to encourage her to stay at work and build retirement benefits. She argues that the trial court also expressly took into account the disparity in the parties' incomes, which remains to this day. She notes that, even with the increase in benefits that she earned by postponing retirement until age 72, husband earns nearly twice what she earns. Wife further notes that, without continued support, her total monthly income actually is lower than what the trial court found was reasonable when it ordered spousal support in the first place. If the trial court found that a total monthly income of $3,000 was reasonable in 1986, wife argues, it surely follows that at least that much is required ten years later. Husband replies that the lower amount of total income remains reasonable in the light of the fact that wife now has fewer expenses than she did at the time of the original dissolution judgment. Wife rejoins that the only reason she has lower expenses is that she paid the mortgage on her home, sold it and invested the equity in a smaller home; she contends that she should not effectively be penalized for acting responsibly in paying off her debts, lowering her expenses and remaining in the workforce.

■ No one contests that the trial court was confronted with a substantial change in circumstances. The sole dispute

concerns the amount of the court's modification. In considering whether to modify or to terminate spousal support, we take into account the original purposes of the award; if they have been satisfied, it is generally appropriate to terminate the award. *Bates and Bates*, 303 Or 40, 46, 733 P2d 1363 (1987); *Blake and Blake*, 130 Or App 259, 261, 880 P2d 972 (1994).

■      In this case, the purposes of the award were not spelled out in the original judgment. Nevertheless, from the record of the dissolution proceeding, and from comments of the dissolution court, we can ascertain that the original award was based on the relative incomes of the parties and on wife's need for a reasonable amount of monthly income to maintain an economic standard of living that is not overly disproportionate to what was enjoyed during the marriage. *See generally* ORS 107.105(1)(d)(M). The court also expressed the wish to provide an incentive for wife to remain in the workforce for a period of time, so that, when she ultimately retired, she could continue to maintain that standard of living. Those purposes would not be served by terminating support. Were we to terminate support at this juncture, we effectively would penalize wife for doing precisely what the dissolution court hoped she would do, namely, continue working so that her retirement—based as it is on a relatively abbreviated working career—is sufficient for her to maintain a reasonable standard of living. Indeed, as wife correctly contends, to terminate support would result in her earning less each month than the dissolution court originally determined is the amount necessary for her to maintain a reasonable standard of living. We are not persuaded that, merely because wife paid her mortgage and purchased a smaller home, we should assume that wife's expenses are substantially lower, thus making a smaller monthly income not unreasonable. There is, in fact, no evidence of precisely what wife's expenses currently are. We are disinclined to make assumptions about the extent to which it is reasonable to require wife to live on less income in 1995 than the court thought reasonable in 1986.

We conclude that the trial court appropriately rejected husband's contention that spousal support should be terminated.

Affirmed. Costs to wife.