Argued and submitted November 22, 1996, affirmed October 22, 1997

In the Matter of the Marriage of

Richard Ralph GOHLMAN,
*Appellant,*

*and*

Constance Lorene GOHLMAN,
*Respondent.*

(D8505-63301; CA A90906)

949 P2d 732

Mark A. Johnson argued the cause for appellant. With him on the briefs was Findling & Johnson.

John Heald argued the cause for respondent. With him on the brief was Smith, Freed, Heald & Chock, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Husband appeals the trial court's refusal to terminate or modify his spousal support obligation. We review *de novo* and affirm.

The parties' 28-year marriage was dissolved in 1985. The dissolution judgment incorporated a stipulated settlement agreement that required husband to pay wife spousal support in the amount of $1,500 per month for a period of 12 months, $1,200 per month for the next 60 months and $1,000 per month for an indefinite period.[1] Husband is currently paying $1,000 a month in support. He argues that this payment should be terminated or modified because (1) wife unreasonably has failed to establish economic self-sufficiency; (2) there has been a substantial change in the parties' circumstances since the time of the original judgment; and (3) the reason for support has been met and to require further support is no longer equitable.

Because the present case involves a claim of changed financial circumstances, we describe the parties' respective financial positions in some detail. Husband's income at the time of the original judgment was approximately $5,000 per month. His income for 1994 was approximately $9,350 per month. He has remarried, and his current wife's income for 1994 was approximately $2,100 per month. Wife's income at the time of the judgment was approximately $576 per month. Her income for 1994, including spousal support, was approximately $3,516 per month.

As part of the stipulated property settlement in the dissolution, wife received 1000 shares of stock in Western States Electric, Inc., a closely held corporation operating under subchapter S of the Internal Revenue Code. Since the dissolution, the value of that stock has steadily increased, from approximately $200 a share at the time of the original judgment to approximately $2600 a share in 1994. In 1986 and 1993, wife sold some of those shares and invested the proceeds in a brokerage account from which she currently

---

[1] Under the terms of the settlement, the payments of $1,000 per month were to continue until husband's retirement or 65th birthday, whichever came later.

draws interest. She has retained 400 shares, with a liquidated value of approximately $1,040,000. If she were to sell those shares, her capital gains tax liability would be approximately $100,000.

Because of the nature of her shareholder relationship with Western States Electric, wife realizes no disposable income from the shares. Instead, the corporation pays a quarterly distribution to each of its shareholders for the purpose of paying the shareholders' federal and state taxes on the corporation's profits. Any remaining profit is rolled over into the corporation's treasury. Because wife is not in the highest marginal tax bracket, in the past there has been money left over from her share of the tax distribution, which she has accounted for as dividend income. In 1994, that overage amounted to $13,663. At trial, wife's accountant testified that such an overage may not always occur, because the goal on the part of the corporation is to "zero out" the sums by distributing only enough money to cover taxes.

Husband relies on ORS 107.407 for termination of support and on ORS 107.135 for termination or modification of it. We discuss each in turn.

■  Husband first argues that spousal support should be terminated pursuant to ORS 107.407 because wife has not made a reasonable effort to become financially self-supporting. ORS 107.407 provides that an individual who has paid spousal support for more than ten years may bring an action to terminate that support if the former spouse has not made a reasonable effort during that time to become financially self-supporting and independent. Husband argues that wife has acted unreasonably in retaining the 400 shares of Western States Electric stock when those shares could be converted into an income-producing investment. In addition, husband argues that wife unreasonably has failed to seek further employment after taking advantage of an early retirement offer from her former employer. We disagree with both contentions.

■  At trial, wife testified that she had not graduated from college and had worked at U.S. National Bank from 1962 until June 1993, with the exception of a few years between 1977 and 1983 when she quit work at husband's

insistence. Except for the years between 1962 and 1968, wife was employed only part time because of health considerations. Nothing in the stipulated settlement indicates an intention by the parties that wife would seek other, full-time employment. In 1993, U.S. National Bank notified employees that, as part of a downsizing effort, any employee who retired after July 1993 would not be entitled to health insurance benefits. Any employee who retired before that date would continue to receive full health insurance coverage, paid by the employer, for the duration of retirement. Wife, who at that time was 58 years old, chose early retirement. We cannot say that wife acted unreasonably in remaining at the same place of employment throughout her marriage and after its dissolution. Her testimony at trial indicated that her health prevented her from working full time, and her age and educational status limit her employment opportunities. ORS 107.412(2)(a). Nor can we say that she acted unreasonably in taking advantage of a retirement offer that ensured that her expenses would not be greatly increased by the cost of maintaining her own health insurance coverage.

Furthermore, we cannot say that wife has acted unreasonably in maintaining her share holdings in Western States Electric, even though those holdings are not a steady source of income. Nothing in the parties' stipulated settlement or in the judgment incorporating that settlement indicates an intention or understanding on the part of the parties or the court that wife should be required to liquidate that stock, at the risk of a large tax penalty, in order to alleviate husband's support obligation.[2] At trial, wife testified that she viewed those shares as her security, and the positive growth history of the company indicates that the investment is neither imprudent nor unreasonable. We find no ground for termination under ORS 107.407.

■ Husband next argues that the increase in value of the Western States Electric stock constitutes a substantial change in circumstances meriting modification pursuant to

---

[2] Husband's reliance on our recent decision in *Powell and Powell*, 147 Or App 17, 984 P2d 612, *rev den* 326 Or 62 (1997), in which we approved a court order for spousal support that contemplated the wife's liquidation of all or part of her currently uninvested assets, is unavailing.

ORS 107.135. He claims no other changes in circumstance and concedes that he has the resources to continue paying spousal support. Under ORS 107.135, there must be a substantial, unanticipated change in a party's circumstances before the court may set aside, alter or modify spousal support. *Blake and Blake*, 130 Or App 259, 262, 880 P2d 972 (1994); *Curtis and Curtis*, 130 Or App 119, 122, 880 P2d 954, *rev den* 320 Or 325 (1994). We conclude that there has been no substantial change in wife's financial circumstances as contemplated by the statute. Although the Western States Electric stock has substantially increased in *liquidation* value, the *nature* of the share holdings has not changed. Now and at the time of the dissolution the shares did not produce significant income. Neither wife's accountant nor the company's treasurer could predict whether in the future wife would receive quarterly distributions greater than her tax burden. We conclude that it would be unreasonable to rely on such possible windfalls as a source of income sufficient to trigger ORS 107.135. Moreover, even if wife *were* to liquidate those holdings, we are not prepared to say that such an action could not have been anticipated at the time of the original judgment. It is reasonable to assume that stock holdings may increase in value, just as it is reasonable that those holdings may decrease in value. Because we conclude that the liquidated value of the stock is not relevant to our decision today, we need not and do not consider when such an increase or decrease could become so substantial as to be beyond anticipation.

Finally, husband argues for termination or modification pursuant to the rulings in *Bates and Bates*, 303 Or 40, 733 P2d 1363 (1987), and *Hall and Hall*, 86 Or App 51, 738 P2d 218 (1987). After excluding support, wife now has more in monthly income than she was expected to have with support under the stipulated judgment. Husband contends that that establishes that there has been a change in circumstances that requires us to evaluate whether the purposes of the support award have been met. Assuming for these purposes that husband is correct, husband nevertheless has not demonstrated the purposes of the award or whether those purposes have been met. Under that circumstance,

"our task is to maintain the relative positions of the parties as established in the initial decree in light of their changed circumstances."

*Bates*, 303 Or at 47. Husband does not argue that the parties' relative positions have changed, and we conclude that they have not.

In summary, we conclude that husband has not demonstrated that wife unreasonably failed to become self-supporting or that there has been a change in circumstances sufficient to allow for the termination or modification of the original spousal support order.

Affirmed. Costs to wife.