Argued and submitted February 5, affirmed September 30, 1998

In the Matter of the Marriage of

Charles Francis STUTZ,
*Appellant,*
*and*

Patty Dale STUTZ,
*Respondent.*

(CV 86-0222; CA A98914)

965 P2d 456

William Cohnstaedt argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Riggs, Judge pro tempore.*

DEITS, C. J.

---

* Riggs, J. pro tempore, *vice* Leeson, J., resigned.

**DEITS, C. J.**

Husband appeals from a judgment modifying the award of spousal support to wife. He contends that the trial court should have terminated spousal support rather than merely reducing it. We review *de novo,* ORS 19.415(3), ORS 107.135(1), and affirm.

Husband and wife were married in 1957. The marriage was dissolved in 1986. In the dissolution judgment, the property was divided equally, and wife was awarded a stepped-down spousal support award, which began at $800 per month, and, after three years of additional reductions, was reduced to $500 per month beginning in 1990 and continuing indefinitely. In May 1997, husband filed a motion seeking to terminate support. The trial court modified the award to indefinite support of $250 per month. Husband assigns error to the trial court's refusal to terminate spousal support. Since the time of the 1986 dissolution judgment, he claims that there has been a substantial change in circumstances that justifies the elimination of spousal support.

Husband was 62 years old at the time of the modification proceedings and wife was 58. At the time of the dissolution, husband was earning about $2,500 per month. In 1996, he earned about $3,500 per month. Husband retired from working in January 1997, because, as a result of arthritic discs in his back, he was no longer able to handle the heavy lifting and pulling involved in his job. Apparently, surgery will relieve some pressure on the nerves but will not completely resolve this condition. Husband receives monthly Social Security payments of $950, which are based on his age and not on a disability. He also receives monthly pension payments of $112.42. When he retired, he was given a lump sum payment of about $5,000 for his accumulated vacation leave. Husband said that he hopes to be able to do some light mechanic work beginning next year to supplement his income up to the amount allowed under the Social Security rules. He presently lives in a camper that is located next to a house that he is repairing. He plans to move into the house. He has no mortgage on that property. Husband pays $114 per month for health insurance. He lists other expenses of about $1,000 per month.

Wife receives $27.30 per month from her retirement benefit and $500 from the spousal support award. During the past few years, she has occasionally helped manage apartments to supplement her income and to reduce or eliminate her rent. She currently receives no income from employment. She testified that it is difficult for her to work as she is often bedridden for days at a time due to arthritis and that no one will hire her because of her age.

■ Under ORS 107.135, there must be a substantial, unanticipated change of a party's circumstances before the court may set aside or modify spousal support. *Gohlman and Gohlman*, 151 Or App 93, 98, 949 P2d 732 (1997). The trial court found that there had been a substantial change of circumstances since the dissolution judgment based on husband's retirement and the resulting reduction in his income. We agree. Although husband presented no evidence of his health problems other than his own testimony, it is unrefuted that he left his employment because of his health and that this change has significantly affected his earning capacity. Finally, there is no evidence that husband left his employment in bad faith or to avoid paying his spousal support obligation. *See* ORS 107.135(3)(b). We conclude, as did the trial court, that the reduction in husband's income constitutes a substantial change of circumstances.

■ The next question we must address is whether this change of circumstances justifies the termination of the spousal support award. Husband bases his assertion that spousal support should be eliminated on a number of grounds. He first argues that, in assessing wife's income, we should presume that she is capable of earning the minimum wage as we do when calculating child support. *See* OAR 137-050-0360-(2)(b). That presumption, however, is not applicable in determining spousal support. That, of course, is not to say that wife's earning capacity is not a pertinent consideration in determining if spousal support should be modified or eliminated.

Next, husband argues that spousal support should be terminated because wife has not attempted to become self-supporting in the 11 years since the dissolution. Under ORS

107.407, a former spouse who has been making spousal support payments for more than 10 years may petition the court to set aside the spousal support award if the supported spouse "has not made a reasonable effort during that period of time to become financially self-supporting and independent of the support provided under the decree[.]"[1]

Wife was 58 at the time of the modification proceeding. Apparently, she did not work at all during the 29 years that the parties were married. She testified that in the past 10 years she has "painted, remodeled, been a manager, assistant manager, [and a] cleaning lady[.]" All of those occupations apparently were related to work that she did for apartment owners or managers at apartment complexes where she lived. In return for working, she received between $125 and $300 per month and usually received a discount on her rent. She is not currently working and has not applied for a job recently. She testified that she has not applied for work recently because of her health and age. She also testified that sometimes she is in bed for three or four days due to her arthritis and that she cannot stand or sit very long at a time. We conclude that, in light of wife's age, health and very limited work experience before the dissolution, wife has made reasonable efforts to assist in her own support.

■   Husband also claims that the support award should be terminated because the purposes of the spousal support award have been satisfied. Husband is correct that in deciding whether to modify or terminate support, it is appropriate to consider the original purposes of the award. If the purposes of the award have been satisfied, spousal support generally will be terminated. *See Barlow and Barlow*, 149 Or App 81, 85, 942 P2d 290, *rev den* 326 Or 62 (1997). The purposes of the original award of support here were not specifically identified in the dissolution judgment. The trial court in the original proceeding *did* indicate that one reason it was awarding spousal support in decreasing steps was to allow wife time to enter the workforce. It is also reasonable to infer

---

[1] Husband did not cite to ORS 107.407 in support of the motion to modify or terminate spousal support. However, during trial, husband argued that spousal support should be terminated on the ground that wife did not seek to become self-supporting during the past 11 years. On appeal, he cites ORS 107.407 as authority for that proposition.

that the trial court's award of indefinite support at $500 per month was to allow wife to maintain a standard of living not overly disproportionate to that which she enjoyed during the marriage. *See* ORS 107.105(1)(d)(F).

We conclude, however, that the purposes of the spousal support award here have not been satisfied. Wife has not been able to maintain a standard of living not overly disproportionate to that enjoyed during the marriage. Husband does not dispute that fact, but argues that wife's inability to maintain a standard of living proportionate to that enjoyed during the marriage is her own fault, and, accordingly, contends that we should conclude that the purposes of the spousal support award have been met. We disagree. Even if it could be said that wife's failure to earn a significant income has contributed to her inability to maintain a standard of living not disproportionate to the standard enjoyed during the marriage, that does not lead to the conclusion that the purposes of spousal support have been satisfied.

Finally, husband argues that, because of the drastic reduction in his income, it would be an undue hardship to require him to make any spousal support payments. He asserts, relying on *Echanis and Echanis*, 74 Or App 188, 702 P2d 433 (1985), that he now has *no* ability to pay any spousal support and, therefore, it must be eliminated. In *Echanis*, we decreased the obligor's spousal support obligation because the husband was drawing on his savings in order to pay the award. *Id.* at 193. However, we also declined to eliminate spousal support altogether because to do so would cause a greater hardship to the wife as she would have to live solely on her interest income. *Id.* at 194. Here, the circumstances are even more extreme because, although husband's income is admittedly meager, without support wife would have virtually no income except what she might be able to obtain from occasional jobs.

■   We recognize, as did the trial court, that even this modified award of support may impose some hardship on husband. Nonetheless, it would be a greater hardship on wife to terminate support. As discussed above, although she has the ability to supplement her income somewhat, her age, health problems and limited work experience constrain her

earning capacity significantly. The parties were married for 29 years. They apparently did not save toward retirement and intended to support themselves during retirement primarily on husband's Social Security benefits. His Social Security payment is indeed the bulk of the income that must now be used to provide support for both parties. Even with his support obligation subtracted from his monthly income, husband's income will still be more than three times that of wife's from the support payment. We agree with the court that, under these circumstances, modifying the support award to $250 per month balances the hardship between the parties.

Affirmed.