572 May 15, 2024 No. 315

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

William Alan ROBERTS,
*Petitioner-Appellant,*
*and*

Michele Lee ROBERTS,
aka Michele Roberts,
*Respondent-Respondent,*
*and*

Marley Rey ROBERTS,
adult child per ORS 107.108,
*Adult Child.*

Jackson County Circuit Court
18DR02521; A181085

Charles G. Kochlacs, Judge.

Submitted April 12, 2024.

Tracey RH Naumes and John A. Hamilton filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Husband appeals from a supplemental judgment that reduced his spousal support obligation to wife but rejected his request to terminate his spousal support obligation. On appeal he contends that the court committed several errors in its findings relating to the parties' incomes and that the court's decision to reduce rather than to terminate the award constituted an abuse of discretion, because the award is not "just and equitable" as required by ORS 107.105(1)(d) (requiring court to determine spousal support "in an amount of money for a period of time as may be just and equitable for one party to contribute to the other"). He requests that the court review the case *de novo*.

As this is not an exceptional case, we decline to review *de novo*. ORAP 5.40(8)(c) (courts will exercise discretion to review *de novo* only in "exceptional cases"). Accordingly, we are bound by the trial court's findings of fact if they are supported by evidence in the record. *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). We conclude that the trial court did not commit legal error or abuse its discretion in rejecting husband's motion to terminate spousal support, and we therefore affirm.

The parties' 22-year marriage was dissolved by a general judgment of dissolution in December 2018. The parties had disparate incomes, with husband earning approximately $8,000 per month at his job with United Parcel Service (UPS), and wife earning about $2,000 per month as a school district secretary. The dissolution judgment divided the parties' assets, including the parties' real estate, which, with the exception of a Nevada property valued at $25,000 that wife had inherited from her parents, the court awarded to them equally as co-tenants, with a requirement that the family home be sold and the proceeds after payment of certain debts and expenses be divided by the parties equally.

The general judgment awarded wife indefinite monthly maintenance support of $1,500.[1] *See* ORS 107.105

---

[1] The spousal support provision of the general judgment stated:

"Wife is granted an award against Husband in the sum of $1,500 per month as spousal maintenance.

(1)(d)(C) (The court may award "[s]pousal maintenance as a contribution by one spouse to the support of the other for either a specified or an indefinite period."). In its ruling from the bench, the trial court signaled strongly that, should husband retire, that would constitute a substantial change in circumstances that could result in a change in support:

> "So, I am ordering the spousal support award to Wife be $1,500 a month, indefinite. However, let the Court record reflect that the Court views any retirement by Husband as a change in circumstances which will allow the Court to reevaluate the spousal support award. Both to its amount and the fact that it's indefinite. \*\*\* I want it to be made very clear though, once or if Husband retires or is considered disabled or something else, because of the difficulties of his job, that's going to be considered a change of circumstances. You'll be back in here and all bets are off on what spousal support will or will not be."

Thus, pursuant to the dissolution judgment, with payment of spousal support, wife's monthly income increased, to $3,500, and husband's income decreased, to $6,500.

A separate provision of the dissolution judgment awarded wife 50 percent of the marital portion of husband's pension:

> "Husband is participant in the Western Conference of Teamsters Pension Trust. Wife is awarded, as her separate interest, portion of the benefit payable to Husband from the Western Conference of Teamsters Pension Trust, on the date the benefit goes into pay status determined as follows: 50% times fraction the numerator of which is Husband's months of creditable service under the plan from the date of marriage through the date of divorce, and the denominator of which is Husband's total months of creditable service on the date the benefit goes into pay status."

Subsequently, husband retired from his employment with UPS, and both he and wife began to draw on husband's Teamsters pension benefits, with wife receiving $2,000 per month and husband receiving $3,671 per month.

---

"7.1 Duration. Payments shall commence on the first day of November, 2018. Subsequent payments shall be due on the first day of each month thereafter until terminated by Husband's death, Wife's death, or further order of the court, whichever shall first occur."

In addition to her share of husband's pension, wife continued to earn $2,000 monthly at her job as a school district employee. Thus, with the pension benefit and the continuation of spousal support of $1,500, wife's monthly income would increase to $5,500. In contrast, husband's income was less than when he was working. In addition to his pension of $3,671, husband purchased a home from his parents, who financed the purchase, and received a monthly discount of $1,000 on his mortgage in exchange for managing his parents' business; he does not dispute that that amount could be treated as in-kind income, bringing his monthly income to $4,671. In view of husband's retirement and the reduction in his income from his UPS monthly salary of $8,000, husband considered that there had been a substantial change in circumstances and sought a modification or termination of his spousal support obligation, with a preference for termination.

After a hearing, in its first letter opinion, the trial court agreed with husband that his retirement, along with the reduction in income, constituted a substantial change in circumstances. The court found that, in light of the reduction in husband's income by half, husband's monthly spousal support obligation should be similarly reduced by the same fraction, to $750. But the court rejected husband's contention that spousal support should be terminated because of wife's receipt of pension benefits, reasoning that the pension was simply a share of wife's property award. The reduction in support resulted in a net income to wife of $4,750 and a net income to husband of $3,921.

In determining whether to terminate spousal support, the court must consider the purpose of the support award and whether it has been satisfied. *Rubey and Rubey*, 165 Or App 616, 621, 996 P2d 1006 (2000). Husband sought reconsideration of the trial court's ruling, arguing that wife's receipt of pension benefits should be treated as income to her that satisfied the purposes of the support award.

On reconsideration, the court clarified that it considered the pension benefits as income streams of the property award. But the court adhered to its rejection of husband's contention that support should be terminated:

"*There was no purpose of support stated in the General Judgment*, so it is not possible for this court to say the purpose of the support has been fulfilled. For these reasons, the court determines that the ruling which modifies support to $750/mo is equitable."

(Emphasis added.)

On appeal, husband contends that the court committed several errors that led the court to abuse its discretion in rejecting his request to terminate spousal support. Husband focuses on the italicized comment, above, contending that is shows that the trial court erred in stating that there was no purpose for the award stated in the general judgment of dissolution, because the general judgment states spousal support was awarded for "maintenance." He further contends that the trial court erred in not deferring to the dissolution court's determination that spousal support would continue only until husband's retirement and that a termination of support would result in a near equalization of the parties' incomes and thereby satisfy the purpose of maintenance support. *See Abrams and Abrams*, 243 Or App 203, 207, 259 P3d 92, *rev den*, 350 Or 716 (2011) (The purpose of spousal maintenance support "is to allow one financially able spouse to contribute to the support of the other, depending on the financial needs and resources of each party."). He contends, finally, that the trial court's determination to continue support constituted an abuse of discretion.

We do not think that the trial court's comment that the general judgment did not state a "purpose" for the award constituted error. ORS 107.105(1)(d)(C) lists a number of factors to be considered in awarding spousal maintenance, including but not limited to:

"(i)    The duration of the marriage;

"(ii)    The age of the parties;

"(iii)    The health of the parties, including their physical, mental and emotional condition;

"(iv)    The standard of living established during the marriage;

"(v)    The relative income and earning capacity of the parties, recognizing that the wage earner's continuing income may be a basis for support distinct from the income that the supported spouse may receive from the distribution of marital property;

"(vi)    A party's training and employment skills;

"(vii)    A party's work experience;

"(viii)    The financial needs and resources of each party;

"(ix)    The tax consequences to each party;

"(x)    A party's custodial and child support responsibilities; and

"(xi)    Any other factors the court deems just and equitable."

ORS 107.105(1)(d)(C). The dissolution judgment stated, simply, that the support award was for maintenance. The judgment did not state a specific purpose for the award of maintenance, nor was it required to do so. But it could have. For example, the judgment could have stated that the maintenance support was for the purpose of providing wife with a standard of living that was similar to that enjoyed during the marriage. *See Cullen and Cullen*, 223 Or App 183, 190, 194 P3d 866 (2008) (stating that the primary purpose of maintenance support in a long-term marriage is to provide a standard of living like the one enjoyed during the marriage); *Barlow and Barlow*, 149 Or App 81, 942 P2d 290, *rev den*, 326 Or 62 (1997) (spousal support award was for purpose of ensuring that wife's standard of living would "not be overly disproportionate to that enjoyed during the marriage."). Or it could have stated that spousal support was for the purpose of narrowing the disparity between the parties' incomes, *Frost and Frost*, 244 Or App 16, 260 P3d 570 (2011), or for the purpose of contributing to wife's support until she could begin receiving husband's pension benefits. We will not fault the trial court for stating that the judgment itself did not state a "purpose" for the award. The record reflects that the trial court was aware that the award was for maintenance; as we understand the court's comment, it was directed to the fact that the judgment did not describe the purpose in more detail so that the trial court could determine whether that purpose had been fulfilled.

We note the dissolution court's statement from the bench that the award could be reconsidered when husband retired. But, contrary to husband's suggestion, that comment does not show that the purpose of the award was to provide support only until husband's retirement, and the record does not reflect that purpose—the court simply stated that husband's retirement would constitute a substantial change that could support a modification of the spousal support. Nor does the record show that the purpose of the award was to equalize the parties' incomes. Before his retirement, husband's spousal support obligation resulted in a monthly income to wife of $3,500, and to husband of $6,500. Thus, for approximately four years, between the dissolution judgment and husband's retirement, even with the payment of spousal support, husband's monthly income exceeded wife's by $3,000. Husband's retirement, along with the parties' receipt of husband's pension, significantly reduced that disparity. The trial court's determination that there had been a substantial change acknowledged that.

We reject husband's contention that, in continuing the support obligation, the trial court erred in failing to consider wife's receipt of income from the pension. In its letter to the parties on reconsideration, the court explicitly described the pension as an income stream to both parties. Thus, the trial court properly considered wife's income in determining an appropriate level of support.

Husband's ultimate contention is that, in light of the asserted errors, the trial court abused its discretion in failing to terminate spousal support, which would have better equalized the parties' incomes. Husband is correct that the trial court's modification of the support award does not result in an equalization of the parties' income streams. In fact, it allows wife's income, including the support payment, to exceed husband's income, with $4,750 for wife and $3,921 for husband.[2] Husband contends that we should conclude that that result is not just and equitable.

_____

[2] We note that if, as requested by husband, the court had terminated support, the income disparity would have favored husband, with wife's monthly income at $4,000, and husband's at $4,671.

It is conceivable that the trial court could have reduced husband's support obligation further so as to better equalize the parties' income streams. In our review of the trial court's ruling for an abuse of discretion, however, our role is not to substitute our judgment for that of the trial court but to determine whether the trial court's ruling was among legally permissible alternatives. *Trout and Trout*, 330 Or App 80, 83, 543 P3d 145 (2024) (describing abuse of discretion standard of review in context of termination of spousal support). Contrary to husband's contention, we conclude that, considering the factors described in ORS 107.105, the trial court's conclusion to reject husband's request to terminate spousal support but instead to reduce support by half, in proportion to the reduction in husband's income, was within the trial court's discretion.

Affirmed.